CHARLES BUTLER ET AL. *v.* THE HEIRS OF BENJAMIN S. BROWN, DECEASED.

The vendee of a judgment debtor, who has not paid the purchase money, but has received a conveyance from the judgment debtor, cannot sustain a bill to quiet his title as against the purchaser of the land under a judgment rendered after the contract of sale, unless he has paid or brings into court the purchase money.

BILL of Review. Reserved in the District Court of Lucas county.

The original bill in this case was filed by the present defendants, as the heirs and legal representatives of Benjamin S. Brown, deceased, against the present complainants, on the 26th March, 1847, in the court of common pleas of Lucas county. Its object was, to quiet the present defendants in their title to lots 465 and 466, in the Vistula division of Toledo ; and the facts, as they appear from the pleadings and the testimony, are as follows :

On the 8th February, 1837, Edward Bissell and Benjamin S. Brown entered into a contract in writing, of which the following is a copy :

"Memorandum of agreement between Edward Bissell and Ben. S. Brown, Witnesseth : That said Edward Bissell sells to said Brown, lots number 465 and 466, in the Vistula division of Toledo. In consideration for which, said Brown agrees to pay to said Edward Bissell fifteen hundred dollars ; one-half thereof to be paid in Vistula lots, out of the Charles Butler interest, of equal value with the one-half of the value of lots 465 and 466—the valuation on which the partition of 1835 was made, to be the basis of value ; and should said Brown not, within the present year, make such arrangements as to convey to said Bissell the lots aforesaid, then he shall pay to said Bissell a fair value therefor, or surrender to said Bissell one-half of the said lots 465 and 466. And said Brown further agrees to erect a good comfortable two-story house on said premises within the present year, the plan thereof to be according to the plan now in the possession of said Bissell, (a city house,) provided said Bissell or John Berdan shall join him in the erection of a similar house, on the adjoining lot south.

Witness our hands and seals, Feb. 8, 1837.

EDWARD BISSELL, [Seal.]<br>BEN. S. BROWN,   [Seal.] "

On the 30th April, 1838, the Albany City Bank recovered judgment against Bissell, in the court of common pleas of Lucas county, for $22,564.02.

On the 30th day of May, 1838, Bissell executed and delivered to Brown a deed conveying said lots to him in fee simple.

Brown died in November, 1838.

Bissell was made a witness to prove that the consideration was not actually paid at the time the deed was made, although fully acknowledged in the deed ; and also that the title conveyed to Brown was in point of fact to be held by him in trust, until payment of the consideration money, though not so expressed in the deed. His competency to establish either of these facts was denied by the original complainants.

On the 26th day of April, 1843, and while the judgment in favor of the bank was in full force, execution was issued thereon, and on the 29th of the same month, levied, in due form, upon the lots. Such proceedings were afterwards had, that, on the 10th day of February, 1844, the lots were sold by the sheriff to

the bank. This sale was afterwards confirmed by the court, and a deed executed by the sheriff to the bank. The title thus acquired was held by the bank in trust for Butler.

On the 11th January, 1847, Curtis, as the executor of the will of Brown, and testamentary guardian of his children, executed a lease of the lots to Robert W. Titus, for the term of three years; the lessee paying the annual tax upon the lots, during his term, as rent. Under this lease Titus went into possession, and was so in possession at the time of the filing of the original bill. Previous to this time, it does not appear that either of the parties had been in the actual occupation of the premises. The lots were vacant, and entirely unimproved.

On this state of facts, a decree was rendered by the district court, at the July term, 1852, in accordance with the prayer of the original bill, ordering that the original complainants be quieted in their title, and enjoining the bank and Butler from setting up any claim to said lots, under and by virtue of said judgment in favor of the bank.

To reverse this decree, the original defendants filed the present bill of review.

*Young & Waite*, for complainants in review.

The testimony of Bissell was admissible. He contradicts no statement in his deed.

Neither was he incompetent on the ground of interest. No such question can arise since the act to improve the law of evidence—his interest was against rather than in favor of the present complainants.

A court of equity will relieve a purchaser against the effect of a judgment lien, when he has as *good* an equity as the judgment creditor, and *prior* in point of time. The purchaser's is not the *prior* equity, if the lien of the judgment attaches before performance on his part.

The *contract alone* does not entitle the purchaser to relief. It is the *payment of the purchase money*.

When the lien has attached, it cannot be divested, except upon payment to the vendor or to the judgment creditor. *Simpson* v.

*Niles*, 1 Smith's Indiana Rep. 104 ; Atk. on Tit. 586 ; 1 Sugd. on Vend. 613 ; *Fasholt* v. *Reed*, 16 Serg. & Rawle 267 ; *Lane* v. *Ludlow's Adm'r*, reported in note to *Arnold* v. *Patrick*, 6 Paige 316 ; *Finch* v. *Earl of Winchelsea*, 1 P. Wms. 277 ; *Parks* v. *Johnson*, 11 Wend. 442 ; *Northrup* v. *Metcalf*, 11 Paige 576 ; *Bogart* v. *Perry*, 17 Johns. 353.

*Hill, Perigo & Pratt*, and *Henry B. Curtis*, for defendants in review.

*Henry B. Curtis*, and *Charles W. Hill*, in argument, made the following points :

The contract between Brown and Bissell was *a sale* of the lots, and being *prior* to the judgment against Bissell, they were not *afterwards* subject to *lien* or *levy* at the suit or judgment of any creditor of Bissell.

1. Not subject to *lien*. *Manley* v. *Hunt*, 1 Ohio Rep. 257 ; *Roads* v. *Symmes*, 1 Ohio Rep. 281 ; *Jackman* v. *Halleck*, 1 Ohio Rep. 318 ; *Douglas* v. *Houston*, 6 Ohio Rep. 156 ; *Stauffer* v. *Eaton et al.*, 13 Ohio Rep. 322 ; *Minns* v. *Morse et al.*, 15 Ohio Rep. 568 ; *Baird* v. *Kirtland*, 8 Ohio Rep. 21.

2. The lots were not subject to levy, Bissell not being in *possession*, and not having any *possessory right*, and having conveyed the *legal title* to Brown before the levy was made. *Canton Bank* v. *Com. Bank*, 10 Ohio Rep. 71 ; 2 Story's Eq. Jurisp., sec. 977 ; *Rand and wife* v. *Kendall*, 15 Ohio Rep. 671 ; *Highway* v. *Pendleton*, Ib. 735 ; *Hill* v. *Smith et al.*, 2 McLean 446.

3. The deed from Bissell recites a consideration of $6,500, which the deed says Bissell *has received* from Brown.

Now Bissell could not be admitted to controvert this admitted fact, and the bank and Butler, claiming through Bissell *by purchase*, are also *estopped*. *Douglass* v. *Scott*, 5 Ohio Rep. 122 ; *McChesney* v. *Wainwright*, Ib. 285 ; *Young* v. *Buckingham*, Ib. 308. See last paragraph in the case, p. 311, 312.

4. The *verbal* agreement that Brown should hold as Bissell's

trustee, amounts to nothing. The deed merged it. (Vide *Rhodes* v. *Symmes*, 1 Ohio Rep. at page 314.)

5. Nor can Bissell be admitted as a witness, to prove himself a *cestui que use*.

J. R. SWAN, J.

Bissell was a competent witness under the statute.

We are satisfied that Brown did not pay the purchase money. A majority of the court are of the opinion that the rule stated by the Supreme Court in the case of *Manley* v. *Hunt et al.*, 1 Ohio Rep. 257, should not be disturbed. It has for more than thirty years been acted upon as a rule of title, to wit: that when lands have been sold, the vendor becomes a trustee for the vendee, and the land ceases to be liable for the debts of the vendor on after acquired judgments. Conceding that under this rule the bank obtained no lien by its judgment, and that Butler acquired no title under the levy and sale, still Butler, as equitable assignee of the bank, should not be placed in a worse situation in relation to these lots, and the purchase money due therefor from Brown, than if no levy or sale had been made. It is just and equitable that Brown's heirs should pay for this property before calling upon a court of chancery to quiet their title ; and it is also equitable and just that Butler, standing in the relation he does to these lots and to Bissell, should, as assignee of the bank, so far as respects the lots and the interest of the bank in the amount for which the lots were bid off, be entitled to claim re-imbursement out of the purchase money still due from Brown's heirs. The extent of this claim of Butler it is unnecessary to now determine. Brown's heirs must do equity by bringing into court the purchase money, before they can demand the interposition of this court to quiet their title. It may become necessary to make Bissell a party to the suit.

*Decree of district court reversed, and cause remanded.*

BARTLEY, J., dissented.