Burket, 3.
The defendants in error do not seem to contend that the body of the writing1 of January 16, 1895, signed by Mr. Youtsey, is insufficient in form to create a lien upon his interest in the syndicate property, and for the purposes of this case it may be conceded to be so.
To properly dispose of this case it is necessary to consider the principles of law applicable to the subject matter in hand generally which we now proceed to do.
It has been held by this court that where an owner of land contracts to sell the same to another person, such vendor holds the title in trust for the purchaser, to the extent that the purchase money has been paid. Churchill v. Little, 23 Ohio St., 308; Manley v. Hunt, 1 Ohio Rep., 257; Minns v. Morse, 15 Ohio, 569; Lefferson v. Dallas, 20 Ohio St., 68 ; Butler v. Brown, 5 Ohio St., 211.
*92 It has also been held that lands held in trust for another cannot be levied upon and sold upon execution against the trustee to pay his debts; and judgements against the trustee are not liens upon the lands held by him in trust for another. Manley v. Hunt, 1 Ohio Rep., 257.
In that ease the court say : “It would be productive of much mischief to make trust estates liable to judgments against the trustees. Such a principle never has been, and we trust never will be recognized in this state.”
That case was followed and approved in Butler v. Brown, 5 Ohio St., 215.
From these holdings it follows that lands held in trust cannot be taken in execution against the trustee for the payment of his debts. But lands held subject to liens, whether legal or equitable, may be taken under execution or attachment and sold with the liens resting thereon ; or if no purchaser can be found, the liens, including the executions and attachments, maybe marshaled and the proceeds of the sale distributed according to the rights of the parties.
Lands held in trust for another are thus preserved for the beneficial owner free from the debts of the trustee, but lands burdened with liens are liable to be seized in execution for the payments of the holder’s debts. This difference between trusts and liens reconciles many cases which otherwise seem in conflict.
Lands held by a properly executed, but unrecorded deed, are also free from the debts of the grantor, whether attempted to be reached in an assignment for the benefit of creditors made by him, or upon an attachment, judgment or execution against him. The title under such a deed is good *93 as against everything except a subsequent bona fide purchaser without notice.
By section 5374, Revised Statutes, lands and tenements including vested interests therein, are made subject to the payment of debts, and liable to be taken on execution and sold at judicial sale; and by virtue of section 5555, Revised Statutes, lands and tenements, whether held by legal or equitable title, are made liable to be seized and sold under attachment for the payment of debts.
To make the statutes as to real estate, and all interests therein, consistent, the General Assembly in 1887, so amended sections 4106, 4133 and 4134, Revised Statutes, as to require deeds and mortgages of any estate or interest in real property to be signed by the grantor or mortgagor, and acknowledged before a proper officer in the presence of two witnesses, and to be recorded in the office of the recorder of the county. Mortgages so executed, whether on an estate in real property or on only an interest therein, take effect from the time of the delivery to the recorder, and deeds so executed, conveying the estate or only an interest therein, that is, an equity, take effect from delivery, except as against subsequent bona fide purchasers without notice, and as against such the deed must be also recorded.
These amendments of the statutes require all instruments in the nature of a mortgage, either legal or equitable, to be signed, acknowledged, witnessed and recorded; and until so signed, acknowledged, witnessed and delivered for record, the same are without effect as to third persons.
The statutes on this subject before the amendments of 1887, were substantially different from the present acts, and the decisions of this court *94 construing those statutes are not always applicable to the statutes as now enacted.
Coming now to this case, it is clear that the paper signed by Mr. Youtsey was intended to create only a lien in favor of Mr. Wright,- and not a trust. The paper cannot be construed to create both a lien and a trust, as they are the opposites of each other. In a trust the property is held for another, while in the case of a lien it is held by the holder for himself, but burdened with a charge, commonly called a lien, in favor of another. The law applicable to liens must therefore rule this case, and not the law applicable to trusts.
Neither does this case depend upon the law of purchasers for value, but upon the law of the priority of an attachment or deed of assignment for the benefit of creditors, over a defective unrecorded mortgage. By virtue of section 5555, Revised Statutes, the interest in the syndicate property, even though it was only an equity, could be attached and sold as upon execution, and the purchaser would receive a g’ood title to such interest in the syndicate, and the Franklin Bank and the assignee under the deed of assignment would receive the proceeds of the sale without the aid of a court of equity. Should there be no bidder, the liens could be marshaled and the proceeds of the sale distributed, but the lien of the attachment and the conveyance under the deed of assignment, would remain in full force as legal rights fastened upon the estate held by an equitable title, and would both have preference over the defective and unrecorded mortgage held by Mr. Wright. If Mr. Wright’s paper had been acknowledged, witnessed and recorded it would have operated as a legal mortgage upon an estate held by an equitable title, *95 and would have taken priority over the attachment and deed of assignment; but as the case stands his paper created no charge or lien, legal or equitable, upon the interest in the syndicate property, as against third parties asserting legal rights.
The deed of assignment was executed and delivered in the state of Kentucky, where all the parties resided, and conveyed property in Hamilton county in this state. Such a deed could not be filed with the probate judge and take effect from the time of its delivery to him as required by section 6335, Revised Statutes. The deed in this case was in due form and took effect from the time of its delivery to the assignee. Johnson v. Sharp, 31 Ohio St., 611.
This was two days before the suit to marshal liens was commenced, and therefore, no question of Us pendens ari ses in this case. True the deed of assignment was not recorded in the office of the recorder of Hamilton county until two days after the commencement of the action to marshal liens, but such record is only necessary as to subsequent bona fide purchasers without notice, and there is no such purchaser in this case. The deed of assigment, therefore, passed title from its delivery.
Much reliance is placed by counsel for plaintiff in error upon the case of Kemper v. Campbell, 44 Ohio, St., 210, but that case is in full accord with the views here expressed. There is no error in the record.

Judgment afivrmed.