## FALSE REPRESENTATION AS TO REAL OWNERSHIP OF PROPERTY.

Circuit Court of Cuyahoga County.

JOHNSON McFARLAND v. WILLIAM PURPER AND BARBARA PURPER.

Decided, February 3, 1908.

*Trusts and Trustees—Trust Property Can Not be Taken to Satisfy Debt of Trustee.*

When a husband who holds the record title of real estate belonging to his wife, represents to his creditors that he is the owner of the property, but his wife did not know of, or join in, these representations, the husband's creditors can not subject the property to the payment of his debts.

*Burrows & Mason,* for plaintiff in error.
*Walter D. Meals,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

The question presented by this special appeal is whether the plaintiff having extended credit to William Purper, one of the defendants, on the faith of the latter's record title to certain real estate, which the latter in fact held in trust for his wife, may resort to the property for the payment of his claim, the same having been reduced to judgment and having been a lien upon said land, if a judgment lien can attach under such circumstances.

Purper's wife acquired the property in an amicable settlement of her parents' estates by cross-deeds among the heirs, but caused or permitted the conveyance of her share to be taken in her husband's name. The property has since from time to time been encumbered by mortgage, but we find nothing in these transactions to vary the interest and right of the wife as *cestui que trust.* She paid no particular attention to the state of the legal title as between herself and her husband, but her joinder in mortgages and her possession of tax receipts affected her with notice of and acquiescence in her husband's custody of the

title.   He made representations to the plaintiff that he was the owner of the property, but there is no evidence that these representations were known to the wife, or that she by any affirmative conduct induced the plaintiff to extend credit to her husband.

On this state of facts the rule is as expressed in the first paragraph of the syllabus in *Wright et al* v. *Franklin Bank et al*, 59 Ohio State, 80, that lands held in trust can not be sold on execution for the payment of the debts of the trustee, and judgments against such trustee are not liens upon such lands.

See also: *Manley* v. *Hunt*, 1 Ohio, 267; *Minns* v. *Morse*, 15 Ohio, 569; *Butler* v. *Brown*, 5 O. S., 211; *Lefferson* v. *Dallas*, 20 O. S., 68; *Churchill* v. *Little*, 23 O. S., 308; *Mannix* v. *Pursell*, 46 O. S., 102.

The petition is therefore dismissed.