(No. 36516.—

Ann Loeb, Appellant, *vs.* Paul Gendel, Appellee.

*Opinion filed Nov. 30, 1961.—Rehearing denied Jan. 22, 1962.*

Ehrlich & Cohn and Schwartz & Cooper, both of Chicago, (Benjamin H. Ehrlich, Ira S. Kolb, and Jacob Cohen, of counsel,) for appellant.

Jerome Berkson, of Chicago, for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

A divorced wife who since remarried filed a complaint in the superior court of Cook County for specific performance of an oral agreement, made prior to her remarriage, whereby her former husband promised to make certain periodic payments to her upon her remarriage. The complaint was dismissed on motion by defendant on the ground that the alleged agreement, not being in writing,

was void under the Statute of Frauds. On plaintiff's appeal to the Appellate Court the decree was affirmed. (*Loeb* v. *Gendel,* 29 Ill. App. 2d 155.) We have granted her petition for leave to appeal to this court.

The parties to this cause were married for twenty years, three children having been born of the marriage. In May, 1957, the wife obtained a divorce. By a property settlement incorporated into the decree, they agreed that defendant should pay to the plaintiff the sum of $900 each month for a period of ten years and one month "with the express understanding that in the event of plaintiff's remarriage said payments are to cease upon the date of such marriage, it being expressly understood that this payment shall constitute a lump sum settlement in lieu of alimony."

The present complaint alleges that in March, 1958, plaintiff had an offer of remarriage but told defendant she did not intend to accept it unless defendant would pay her, on her remarriage, all or a part of the amounts he was paying under the settlement. It is further alleged that the parties thereupon orally agreed defendant was to increase child support payments from $250 to $433 per month, and on plaintiff's remarriage to pay her $100 per week until June, 1967, or until her death, such sums to be "put in trust with defendant as trustee with right to invest, one-half the profits from such investment to be plaintiff's and one-half to be defendant's." It was further alleged that pursuant to this oral agreement defendant increased the child support payments to $100 per week and made deposits totaling less than $200 in a bank account defendant had established for plaintiff's benefit. The complaint then alleges that when plaintiff asked if she would need a lawyer and if the agreement should be put on paper, the defendant, an attorney, told her she did not need the advice of an independent counsel, and promised her he would confirm their agreement in writing, that the plaintiff, relying on defendant's promise, remarried on April 20, 1958, and that defendant's promise to

504

confirm by letter was made with no intention of carrying it out but only for the purpose of inducing plaintiff to act to her detriment.

The Statute of Frauds says no action shall be brought "to charge any person upon any agreement made upon consideration of marriage, or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." (Ill. Rev. Stat. 1959, chap. 59, par. 1.) Since the alleged agreement in the case at bar is a verbal one, its enforcement would be barred in the absence of other facts and circumstances showing that application of the statute would work an injustice or fraud. The moral wrong alone of refusing to be bound by an agreement because it fails to comply with the statute does not suffice to estop a defendant from asserting the statute as a defense. *Ozier* v. *Haines*, 411 Ill. 160; *Lowenberg* v. *Booth*, 330 548.

We cannot agree with the Appellate Court, however, that that is all which is alleged in this case. According to the complaint, "defendant represented to plaintiff that she did not need the advice and protection of independent counsel * * * and that the agreement aforesaid was an enforcible agreement, binding upon the parties thereto." It is further averred that defendant falsely promised to confirm the agreement by letter and that "the promise and representation were made for the purpose of inducing plaintiff to rely thereon." In addition, it appears that defendant is a lawyer, and that during their marriage, as well as in the negotiations resulting in the alleged agreement, the plaintiff placed trust and confidence in him and relied upon his advice and representations. Furthermore, it appears from the complaint that defendant partly performed his oral agree-

ment by increasing the child support payments and commencing to establish the trust fund referred to in the oral agreement.

Assuming, as we must for present purposes, that the allegations are true, we think the case clearly falls within the familiar rule that no person shall be permitted to take advantage of his own wrong. This court has long recognized the inequity of allowing one to utilize the Statute of Frauds to work an injustice or fraud, and has refused in such cases to permit its assertion as a defense. (See *Barnett* v. *Meisterling,* 327 Ill. 564, 572; *Gladville* v. *McDole,* 247 Ill. 34; *Cross* v. *Weare Commission Co.* 153 Ill. 499.) The courts of equity will not permit the Statute of Frauds, the only purpose of which is to prevent fraud, to be used where the effect will be to accomplish a fraud, and if the facts are such that it would be a virtual fraud to permit the defendant to interpose the statute, a court of equity will not listen to that defense. (*Wessel* v. *Eilenberger,* 2 Ill.2d 522; *Corbly* v. *Corbly,* 280 Ill. 278; *Union Mutual Life Ins. Co.* v. *White,* 106 Ill. 67.) Appropriate here is the following language of this court in *National Importing and Trading Co.* v. *Bear & Co.* 324 Ill. 346, 358: "It is a principle reaching to the very roots of justice that no man shall be allowed to take advantage of another's omission which has been induced by his own request. The Statute of Frauds was not designed or intended to afford an opportunity for escape from the fundamental principle that no one shall be permitted to found a claim upon his own iniquity or take advantage of his own wrong."

According to the facts charged in the present complaint and the reasonable inferences therefrom, the plaintiff's failure to have the agreement put in writing was induced by defendant's intentionally misleading advice and promises. With trust and confidence in her former husband, and in reliance upon his assurance that the agreement was valid and enforcible, she became remarried, thus relieving defend-

ant of the obligation to make further payments under the divorce decree. If, contrary to his representations, he can now interpose the Statute of Frauds and thereby render the agreement void and unenforcible, the effect will be the accomplishment of a virtual fraud. This we cannot condone.

The Appellate Court erred in affirming a dismissal of the complaint. The judgment of the Appellate Court and the decree of the superior court of Cook County are reversed, and the cause is remanded to the superior court with directions to overrule the motion to dismiss.

*Reversed and remanded, with directions.*