Fred ROSENSTEIN d/b/a Advance Merchandisers, Plaintiff and Counter-Defendant,

v.

IDA PRODUCTS COMPANY, a Michigan corporation, Defendant and Counter-Plaintiff.

No. 73 C 617.

United States District Court, N. D. Illinois, E. D.

Aug. 30. 1973.

Allan O. Amos, Collins & Amos, Chicago, Ill., for plaintiff.

Alvin R. Becker, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion for summary judgment as to the complaint and counterclaim.

This is a diversity of citizenship action seeking damages for the breach of a contract by the defendant. The plaintiff alleges that damages exceed $10,000 exclusive of interest and costs.

The plaintiff is Fred Rosenstein, d/b/a Advance Merchandisers, a resident of Chicago, Illinois, who transacts business as a distributor of building products within the City of Chicago, Illinois. The defendant is IDA Products Company ("IDA"), a corporation organized and existing pursuant to the laws of the State of Michigan, which is in the business of manufacturing, distributing and selling windows and doors to the construction industry in the City of Detroit, Michigan.

The plaintiff alleges the following facts in the complaint:

1. On or about October 10, 1972, the plaintiff and defendant did enter into an oral agreement whereby the defendant did agree to terminate its existing distributorship within the State of Illinois and Chicago area, to appoint the plaintiff, or a corporation to be organized by him, as a sole distributory within the State of Illinois and adjoining states surrounding the Chicago metropolitan area and to pay to the plaintiff its usual and ordinary commission for all sales made by plaintiff of defendant's product. The plaintiff, in consideration of the above, did then agree to act as defendant's distributor, to use reasonable efforts to sell defendant's product line, and to obtain larger warehouse facilities within Cook County, Illinois to service customers of defendant's product line.

2. Both parties partially performed certain acts. The plaintiff did obtain, with the approval of defendant, adequate warehouse facilities, and the defendant did notify its then existing distributor that such distributorship would be terminated.

3. The defendant did breach the said agreement by repudiating same on or about February 2, 1973 at which time defendant advised plaintiff that it did not intend to abide by its agreement to appoint plaintiff as its distributor.

4. By reason of the said breach of contract by the defendant, plaintiff has suffered damages in the amount of $180,000 which sum represents the reasonable profits plaintiff could have made during a reasonable period of time when such distributorship would have remained in effect.

The defendant IDA in response to the instant complaint alleges the following facts in its amended counterclaim:

1. There is a diversity of citizenship between the parties.

2. The amount in controversy exceeds $10,000 exclusive of interest and costs.

3. Commencing in October, 1972 to and including February, 1973 defendant, counter-plaintiff sold and delivered to plaintiff, counter-defendant certain goods and merchandise which goods and merchandise were accepted by plaintiff counter-defendant.

4. There is due and owing to the defendant counter-plaintiff for the goods sold and delivered the sum of $42,561.11 plus interest thereupon for nonpayment in the sum of $1,266.10.

The defendant IDA in support of its motion for summary judgment as to the instant complaint and counterclaim contends:

1. No exclusive distributorship contract ever existed between IDA and Mr. Rosenstein.

2. The alleged parol distributorship agreement of October 1972 is unenforceable as being subject to the Statute of Fraud relating to oral contracts not to be performed within the space of one year from the time of the making.

3. IDA is entitled to recover judgment against Rosenstein for goods sold, delivered and accepted in the sum of $42,561.11 plus accrued interest thereupon for non-payment.

The defendant has further supported these contentions with accompanying affidavits, depositions and exhibits.

The plaintiff in opposition to the instant motion contends that there exists a genuine issue of material fact which precludes the granting of summary judgment, and that IDA is equitably estopped from asserting the Statute of Frauds defense. The plaintiff has supported his contentions with accompanying affidavits.

It is the opinion of this Court after examining the relevant pleadings, affidavits, depositions and exhibits submitted by the parties in support of their respective positions that summary judgment should be granted in favor of the defendant as to the complaint but denied as to the counterclaim because there exists a genuine issue of material fact.

I. THE ORAL AGREEMENT WHICH IS THE SUBJECT MATTER OF THE INSTANT COMPLAINT IS WITHIN THE STATUTE OF FRAUDS AND UNENFORCEABLE.

The relevant part of the Statute of Frauds provides:

"That no action shall be brought * * * upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or

some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." Illinois Rev. Stat. Chapter 59, Sec. 1.

██ On the basis of the facts set forth in the complaint and the opposing affidavits it is clear that the instant complaint is governed by the Statute of Frauds. During October 1972 the plaintiff Rosenstein entered into a parol agreement to be the exclusive distributor for IDA in the Chicago Area commencing January 1, 1973 to December 31, 1973 (see Complaint, Para. 3; Deposition of Rosenstein, p. 22). Such a contract is unenforceable under the Statute of Frauds because it is not to be performed within the space of one year from the making thereof and there is no written evidence of the contract. See Sinclair v. Sullivan Chevrolet Company, 45 Ill.App.2d 10, 195 N.E.2d 250 (1964).

██ Contrary to the contentions of the plaintiff, in calculating the period for which the Statute acts as a bar, it is not the term of performance which is the determining factor but the date of formation of the contract in relation to the completion of performance. Lund v. E. D. Entyree & Co., 103 Ill.App.2d 158, 242 N.E.2d 611 (1968); Sinclair v. Sullivan Chevrolet, *supra*; Hall v. Gruesen, 22 Ill.App.2d 465, 161 N.E.2d 345 (1959), and Williston on Contracts, § 502.

Thus it is clear that the instant complaint fails to state a cause of action upon which relief can be granted because the contract in dispute is unenforceable according to the Statute of Frauds.

## II. THE DOCTRINE OF EQUITABLE ESTOPPEL IS NOT APPLICABLE TO THE INSTANT COMPLAINT.

The plaintiff contends that the defense of the Statute of Frauds to the instant complaint is inappropriate because of the application of the doctrine of equitable estoppel. The proposition that one may be estopped to assert the Statute of Frauds as a defense is not novel, and has been invoked by courts where the facts presented have warranted its application. Cross v. Weare Commission Co., 153 Ill. 499, 38 N.E. 1038 (1894); Gladville v. McDole, 247 Ill. 34, 93 N.E. 86 (1910); Barnett v. Meisterling, 327 Ill. 564, 158 N.E. 806 (1928); National Importing & Trading Co. v. E. A. Bear & Co., 324 Ill. 346, 155 N.E. 343 (1927).

██ The result is reached to avoid the inequity of allowing one to utilize the statute to work an injustice or fraud, or to permit one to take advantage of his own wrong. However, the moral wrong of refusing to be bound by an agreement because it does not comply with the Statute of Frauds does not itself authorize the application of the doctrine of equitable estoppel for the breach of a promise which the law does not regard as binding and does not amount to fraud. For a Court to rule otherwise would render the Statute of Frauds impotent.

Courts have held that there are six elements which must be demonstrated in order to properly invoke the doctrine of equitable estoppel:

1. words or conduct by the party against whom the estoppel is alleged, amounting to a misrepresentation or concealment of material facts;

2. the party against whom the estoppel is alleged must have knowledge, either actual or implied, at the time the representations were made, that they were untrue;

3. the truth respecting the representations so made must be unknown to the party claiming the benefit of estoppel at the time they were made, and at the time they were acted on by him;

4. the party estopped must intend or expect that his conduct or representations will be acted on by the party asserting the estoppel or by the public generally;

5. the representations or conduct must have been relied and acted on by the party claiming the benefit of estoppel; and

6. the party claiming the benefit of the estoppel must have so acted, because of such representations or conduct, that he would be prejudiced if the first party is permitted to deny the truth thereof.

See Ozier v. Haines, 411 Ill. 160, 103 N. E.2d 485 (1952); Lowenberg v. Booth, 330 Ill. 548, 162 N.E. 191 (1928).

It is apparent that the plaintiff has failed to demonstrate that the instant action meets these six requirements. Further the plaintiff does not even allege fraud or material misrepresentation on the defendant's part at the time of the formation of the contract. Thus the plaintiff in his equitable estoppel argument is really urging a softer application of the Statute of Frauds, in order to prevent the loss from falling upon what is allegedly the more innocent of the two parties to the oral contract. In short plaintiff is contending that his reliance upon an unenforceable promise will validate that promise. To adopt such a position would render the Statute of Frauds useless.

It is true that harsh results, or moral fraud may occur where one has changed his position in reliance on the oral promise of another, but it is a result which is invited and risked when an agreement is not reduced to writing in the manner prescribed by law. Lund v. E. D. Entyree & Co., *supra*; and Sinclair v. Sullivan Chevrolet Company, *supra*.

 The doctrine of equitable estoppel and that of the Statute of Frauds have developed side by side in the law each for the ultimate purpose of preventing fraud and injustice. It is clear to this Court that while the Statute of Frauds is applicable to the instant action, the doctrine of equitable estoppel is not.

## III. THERE EXISTS AS TO THE COUNTERCLAIM A GENUINE ISSUE OF MATERIAL FACT.

It is the opinion of this Court after examining the relevant pleadings, memoranda, affidavits and exhibits submitted by the parties in support of their respective positions that, as to the counterclaim there exists a genuine issue of material fact which precludes the granting of summary judgment at this time.

Accordingly it is hereby ordered that the defendant's motion for summary judgment as to the complaint is granted in the defendant's favor and denied as to the counterclaim.