WILLIAM J. JONES, ·Plaintiff-Appellant, *v.* KATHRYN M. OLSEN *et al.,* Defendants-Appellees.

Second District   No. 79-95

Opinion filed January 30, 1980.

Hannigan & Jones, of Mundelein, for appellant.

Bogdan Martinovich, of Ray & Glick, of Libertyville, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order granting a motion by defendants, Paul and Catherine Cooper, to dismiss the complaint for specific performance of a purported real estate sales contract due to unenforceability under the Statute of Frauds. Ill. Rev. Stat. 1977, ch. 59, par. 2.

The complaint alleges that on February 16, 1978, plaintiff, William Jones, presented defendants with an unsigned form contract in writing for the purchase of certain real estate. A copy of the form contract was

incorporated in the complaint. The complaint also alleges that plaintiff delivered a $12,000 check to defendants, payable to Paul and Catherine Cooper, the check stating on its face that it was earnest money for the purchase of 029 Lakeview, Mundelein. Defendants endorsed the check and negotiated it on or about February 25, 1978, but never signed the form sales contract. The transaction was not closed, the $12,000 was not returned, and plaintiff brought suit for specific performance of the contract. The contract was not signed by any of the parties, nor did the names of the seller or purchaser appear on the contract, nor did it contain a legal description, but it did include the address 029 Lakeview, Mundelein, with a lot size of "150 x 150". It further provided that $12,000 earnest money in the form of a check, payable to sellers, be deposited by sellers on acceptance of the contract, and that the contract was to be void if not accepted by February 28, 1978. The contract also contained the purchase price, method of payment, terms and conditions of sale.

On May 1, 1978, a commitment for title insurance was issued on Lots 28, 29 and 30 in Oak Terrace Subdivision, showing title to the land at the time of issuance to be in Kathryn M. Olsen; and while a legal description is shown, the common address is not. On May 19, 1978, a letter was sent to plaintiff from a law firm which stated that the purchase was being made from Mrs. Cooper and that she was being told that plaintiff would contact her "to obtain a deed into a trust from her daughter and son-in-law and trust agreement."

In granting the motion to dismiss, the trial court ruled that the contract violates the Statute of Frauds for lack of signatures; that the check does not satisfy the signature requirement because it does not express the terms and conditions of sale; and that the letter from the law firm regarding the policy of title insurance does not satisfy the signature requirement because it was not signed by defendants or their authorized agent.

●■■ The Statute of Frauds requires that a contract for the sale of land must be in writing and be signed by the parties to be charged. (Ill. Rev. Stat. 1977, ch. 59, par. 2.) It is true, as both sides state, that a contract may consist of several documents. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428.) However, where such a situation occurs it is necessary that the signed writing refer expressly to the unsigned writing or writings, or that the several writings be so connected, either physically or otherwise, that it may be determined by internal evidence that they relate to the same contract. (*Western Metals Co. v. Hartman Ingot Metal Co.* (1922), 303 Ill. 479, 135 N.E. 744; *Davito v. Blakely* (1968), 96 Ill. App. 2d 196, 238 N.E.2d 410.) In the present cause, the signed writing (the check) does not state the price or the conditions of sale, nor does it refer specifically to the unsigned written contract; the

check was in fact signed by plaintiff and both defendants. However, the form contract specifically calls for the purchaser of 029 Lakeview, Mundelein, to deliver to the "Owner of Record" a $12,000 check as an earnest money deposit, to be deposited by seller on acceptance of the contract; it further provides that the earnest money shall be returned and the contract rendered void if not accepted on or before February 28, 1978.

■■ In light of the above, it is our opinion that the form contract and the check are, by their own terms, sufficiently connected as to allow them to be read together. Both documents refer to the same common address in the same municipality; the earnest money check is for the same amount as the earnest money specified in the contract; the check and the contract are dated with the same date; and defendants endorsed and cashed the check prior to February 28, 1978, as required by the contract. In reading the contract and the check together, it is apparent that the requirements of the Statute of Frauds were met, and that the trial court erred in ruling otherwise. In so holding, we do not comment on the enforceability of the contract by specific performance, nor on any of the requirements to obtain such relief. See generally Elliott, *Specific Performance*, 1960 U. Ill. L. F. 72.

The decision of the trial court is accordingly reversed and the cause is remanded for further proceedings.

Reversed and remanded.

SEIDENFELD and LINDBERG, JJ., concur.