JOYCE A. FISCHER, Plaintiff-Appellant, v. LOIS MANN *et al.*, Defendants-Appellees.

Second District   No. 2—87—0093

Opinion filed October 6, 1987.

Bruce L. Carmen, of Thomas & Hinshaw, Culbertson, of Rockford, for appellant.

Bernard F. Healy, Jr., of O'Brien, Healy, Wade & Gorman, of Rockford, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

This is an appeal from an order of the trial court granting a motion by defendants, Lois Mann and F. Fred Mann, to dismiss the first amended complaint (complaint) of plaintiff, Joyce A. Fischer, concerning a purported rental agreement. The agreement was found to be unenforceable pursuant to section 2 of "An Act to revise the law in relation to frauds and perjuries" (Statute of Frauds) (Ill. Rev. Stat. 1985, ch. 59, par. 2). We affirm.

■ The record was filed on July 14, 1987, and we note that pages 15, 17, 21, 27, 29, and 32 are missing. Most notably missing is the final page of the complaint. As a result, there is no record before this court of the relief requested in what appears to be a one-count complaint. The very nature of an appeal dictates that the reviewing court have a sufficient record before it to determine if the error claimed by the appellant exists. (*Walker v. Iowa Marine Repair Corp.* (1985), 132 Ill. App. 3d 621, 624.) The burden rests on the appellant to provide a sufficient record to support the claim of error, and in the absence of such a

record, the reviewing court will presume that the trial court's order was in conformity with established legal principles and had a sufficient factual basis. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92.) In the present case, the incomplete record supplied to this court may have omitted certain matters before the trial court upon which the trial court relied. Any doubts arising from the completeness of the record are resolved against the appellant. (99 Ill. 2d 389, 392.) Affirmance is dictated if the record omits crucial facts. *Rosenblatt v. Michigan Avenue National Bank* (1979), 70 Ill. App. 3d 1039, 1042.

The complaint alleges that on May 23, 1986, plaintiff filled out a standard form captioned "Application for Rental" for the premises described as 4236 Lori Drive, located in Rockford, Illinois. The application was addressed to F. Fred and Lois Mann. A copy of the application is attached to the complaint. The term originally stated on the application was from August 1, 1986, to August 1, 1988. The parties agree that at some time between May 23, 1986, and July 28, 1986, one of defendants altered the application to change August 1, 1986, to read August 9, 1986.

The application contained the following final clause:

"I have deposited on account, $500.00, which is to be forfeited if lease is not signed and balance of first month's rent paid within 3 days after notice of acceptance is mailed to me at address given below. Deposit to be refunded if references are not satisfactory or application rejected."

The above language of the application was followed by plaintiff's signature and address. Defendants did not sign the application.

Plaintiff tendered a $500 check to defendants. The check was attached to the complaint as an exhibit. The check was payable to Lois Mann and endorsed by her. Contrary to the allegations of the complaint, the signature of F. Fred Mann does not appear on the check. The check was subsequently deposited in a bank account.

Additional allegations of the complaint are as follows:

"7. On several occasions between May 23, 1986 at [*sic*] July 28, 1986, Defendants made oral statements to Plaintiff and engaged in conduct which unequivocally indicated that Plaintiff's offer to rent the above-described premises had been accepted by Defendants.

8. Sometime between May 23, 1986 and July 28, 1986, Plaintiff was informed by Defendants that, due to some problems with a home they were purchasing, Plaintiff could not take possession of the above-described premises until August 9, 1986. Accordingly, one of the Defendants altered the August 1st pos-

session date on Exhibit 1 to read 'August 9, 1986.'

9. By altering the date on the application, Defendants clearly indicated not only their acceptance of Plaintiff's offer but their adoption of the application as a writing evidencing the agreement of the parties.

10. On or about July 28, 1986, Defendant LOIS MANN wrote Plaintiff a letter informing her that possession could not be turned over to her on or about August 9, 1986, and that Defendants did not intend to yield possession to Plaintiff at anytime thereafter."

We note that the alleged July 28, 1986, letter is not attached to the complaint.

The application was never accepted in writing, the lease was never prepared, the balance of the first month's rental was never tendered, and the premises were never delivered to plaintiff. These facts all appear as agreed from the parties' statements of facts.

Plaintiff subsequently filed a complaint for money damages, and defendants filed a motion to dismiss based on the Statute of Frauds. Defendants' motion was granted, and plaintiff was given leave to refile her complaint. Plaintiff subsequently filed her first amended complaint, which was also dismissed. The order dismissing plaintiff's first amended complaint did not state the reason for dismissal, although the motion to dismiss was again based on the Statute of Frauds. Plaintiff appealed.

■ The reasons given by a trial court for an order, or the findings on which an order is based, are not material if the order is correct. (*Alexander v. DePaepe* (1986), 148 Ill. App. 3d 831, 836; *Board of Managers of Dominion Plaza One Condominium Association No. 1-A v. Chase Manhattan Bank* (1983), 116 Ill. App. 3d 690, 694.) When reviewing the dismissal of a complaint or an order granting judgment on the pleadings, the appellate court may affirm on any basis found in the record. *Goldberg v. Goldberg* (1981), 103 Ill. App. 3d 584, 587.

Plaintiff raises two issues on appeal: (1) whether the application and check constitute a sufficient writing under the Statute of Frauds; and (2) whether plaintiff has alleged sufficient facts to estop defendants from asserting the Statute of Frauds as a defense.

Plaintiff admits in her brief that the facts bring the complaint within the Statute of Frauds, which provides:

"No action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments or any interest in or concerning them, for a longer term than one year, unless such contract or some memorandum or note thereof

shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such party." Ill. Rev. Stat. 1985, ch. 59, par. 2.

■ The Statute of Frauds clearly applies to a lease for a term of more than one year. (Ill. Rev. Stat. 1985, ch. 59, par. 2; see also *Daehler v. Oggoian* (1979), 72 Ill. App. 3d 360.) The court in *Daehler* discussed the Statute of Frauds in relationship to leases as follows:

"In order to satisfy the Statute of Frauds, a lease for a term of more than one year or a memorandum thereof must be in writing and contain the names of the parties, a description of the property sufficient enough to identify the property, the amount of rent, and the term of the lease. The writing must also have been signed by the party to be charged, or by some other person authorized by him in writing. [Citations.] It is not necessary that a lease or a memorandum thereof be in one writing, as it may be gathered from several writings taken together, including letters between the parties. [Citations.] However, to establish a lease or memorandum thereof from more than one writing, only one of which has been signed, the signed writing 'must refer expressly to the other writing, or the several writings must be so connected, either physically or otherwise, as to show by internal evidence that they relate to the same contract.' [Citation.]" 72 Ill. App. 3d 360, 366.

■ Plaintiff first contends that the application and check satisfy the writing requirement of the Statute of Frauds. Plaintiff argues that these two documents, when taken together, constitute a memorandum or note of the alleged contract which has been signed by the party to be charged. Plaintiff further argues that the signature of Lois Mann on the $500 check fulfills the requirement of a signature of the party being charged and supports the allegation that *defendants* endorsed the check. We disagree.

No amount of allegation or argument can overcome the check itself, which bears only the signature of Lois Mann and not the signature of F. Fred Mann, one of the parties being charged. The court notes the absence of any allegation of authority or agency for Lois Mann to act for F. Fred Mann. The record is also silent as to any allegation of their relationship, if any. One of the necessary parties to be charged has not signed, and, therefore, plaintiff fails to meet the signature requirement of the Statute of Frauds.

■ Furthermore, we disagree with plaintiff's contention that the application and the check, when taken together, constitute a sufficient

writing. The check has the notation "for security deposit" on the lower left-hand corner. Plaintiff argues that "[t]he check is specifically refferrable [*sic*] to that portion of the application regarding a $500.00 deposit." Following *Daehler*, this court's inquiry is necessarily directed to whether the check expressly refers to the application or whether the check and application are so connected as to show by internal evidence that they relate to the same contract.

Plaintiff argues that the facts as alleged in the complaint and disclosed by the application and check demonstrate a striking similarity to this court's decision in *Jones v. Olsen* (1980), 80 Ill. App. 3d 1016, *appeal denied* (1980), 81 Ill. 2d 584. In *Jones*, the plaintiff delivered to defendants a $12,000 check payable to defendants pursuant to an unsigned sales contract. (80 Ill. App. 3d 1016, 1017.) The check stated on its face that it was earnest money for the purchase of property known as 029 Lakeview, Mundelein. (80 Ill. App. 3d 1016, 1017.) Defendants both endorsed and negotiated the check, but never signed the form sales contract. (80 Ill. App. 3d 1016, 1017.) The contract provided that $12,000 earnest money, in the form of a check payable to defendant sellers, be deposited by sellers on acceptance of the contract, and the contract was to be void if not accepted by a certain date. (80 Ill. App. 3d 1016, 1017.) The sale was not consummated, and the $12,000 was not returned. 80 Ill. App. 3d 1016, 1017.

The trial court held that the contract violated the Statute of Frauds for lack of signature. (80 Ill. App. 3d 1016, 1017.) We reversed, pointing out that "the form contract specifically calls for the purchaser of 029 Lakeview, Mundelein, to deliver to the 'Owner of Record' a $12,000 check as an earnest money deposit, to be deposited by seller on acceptance of the contract," and it further provided "that the earnest money shall be returned and the contract rendered void if not accepted on or before February 28, 1978." (80 Ill. App. 3d 1016, 1018.) This court held that the form contract and check were sufficiently connected as to allow them to be read together, as they "refer to the same common address in the same municipality; the earnest money check is for the same amount as the earnest money specified in the contract; the check and the contract are dated with the same date; and defendants endorsed and cashed the check prior to February 28, 1978, as required by the contract." 80 Ill. App. 3d 1016, 1018.

Plaintiff argues that the documents in the instant action are identical in their relevance to those discussed in the *Jones* case. We disagree.

The case before this court differs in many ways. First, in *Jones*, the plaintiff's check was not returned when the sale failed to take place. (80 Ill. App. 3d 1016, 1017.) In the present case, there is no alle-

gation that the $500 was not returned. In fact, plaintiff concedes in her brief that it was returned. Second, in *Jones*, the check was payable to and signed by both defendants. (80 Ill. App. 3d 1016, 1017.) In our case, the check was payable to and signed by only one defendant. Third, in *Jones*, the check stated on its face it was earnest money for the purchase of 029 Lakeview, Mundelein. (80 Ill. App. 3d 1016, 1017.) In our case, the check only states that it is "for security deposit," and there is no internal reference to either the application, any specific property, or any specific agreement. Fourth, in *Jones*, the sales contract stated that the check was an earnest money deposit, to be deposited by defendant on *acceptance of the contract*. (80 Ill. App. 3d 1016, 1017.) The *Jones* contract further provided that the earnest money was to be returned and the contract rendered void *if not accepted* on or before February 28, 1978. (80 Ill. App. 3d 1016, 1017.) The fact that "defendants endorsed and cashed the check prior to February 28, 1978, *as required by the contract*" was a factor in the *Jones* court ruling that the Statute of Frauds requirements had been met. (Emphasis added.) (80 Ill. App. 3d 1016, 1018.) In our case, the only internal evidence alleged to indicate acceptance is the alteration of the term from August 1, 1986, to August 9, 1986. Finally, unlike a contract to sell or a lease, an application to rent is simply that, an application to enter into a lease. Unlike the contract to sell in *Jones*, the application in the present case contains no provision for deposit on acceptance. In fact, the application contains a clear statement that the deposit of $500 will be refunded if references are not satisfactory or if the application is rejected. Because of these significant differences, we find that *Jones* does not control this case.

In reading the application and check together, we find that the trial court was correct in its ruling and that the requirements of the Statute of Frauds have not been met.

■ Plaintiff next contends that defendants should be estopped from asserting the Statute of Frauds since they agreed to lease the premises to her for two years and failed to provide a written lease. Plaintiff argues that defendants are attempting to take advantage of their own inequitable conduct and that she relied to her detriment on defendants' representation that the premises could be occupied by her in accordance with the application.

It is a fundamental principle that no person shall be permitted to take advantage of his own wrong. (*Loeb v. Gendel* (1961), 23 Ill. 2d 502, 505.) Illinois courts have long recognized the inequity of allowing a party to utilize the Statute of Frauds to work an injustice or fraud and have refused in such cases to permit its assertion as a defense. 23

Ill. 2d 502, 505.

Plaintiff argues that defendants should be estopped from asserting the Statute of Frauds since they represented to her that she could take possession of the premises in August 1986. However, in *Ceres Illinois, Inc. v. Illinois Scrap Processing, Inc.* (1984), 130 Ill. App. 3d 798, 805, *aff'd* (1986), 114 Ill. 2d 133, the defendant similarly argued that the plaintiff, by its conduct, led the defendant to believe that it could take possession of certain land for a 15-year lease. That court held that since the defendant knew that a written agreement regarding the premises was being negotiated, it could not rely on the fact that plaintiff had allowed it to occupy the land on an oral license. (130 Ill. App. 3d 798, 805.) The court refused to estop the assertion of the Statute of Frauds because both parties had equal access to information regarding the negotiations. 130 Ill. App. 3d 798, 805.

■■ ■ We agree with plaintiff that *Ceres Illinois, Inc.*, is distinguishable in that plaintiff in the present case was not privy to any special knowledge regarding the availability of the premises. However, that court further stated that "[i]n order to invoke the doctrine of equitable estoppel, the guilty party must exhibit words or conduct amounting to a misrepresentation or concealment of a material fact." (130 Ill. App. 3d 798, 805.) In the instant case, there are no allegations in the complaint of misrepresentation or concealment of material facts despite the court's having given plaintiff the opportunity to amend. Plaintiff did allege that, as a result of defendants' failure to yield the premises, she was required to seek temporary housing and incurred additional expenses. However, "[a] party's decision to make expenditures and to change its position in reliance on an oral promise is an insufficient basis for equitable estoppel in the absence of fraud or misrepresentation. 130 Ill. App. 3d 798, 805.

We also note that the supreme court in *Ozier v. Haines* (1952), 411 Ill. 160, 163, held that the breach of a promise which the law does not regard as binding is not a fraud and does not justify the application of the doctrine of estoppel. See also *Sinclair v. Sullivan Chevrolet Co.* (1964), 45 Ill. App. 2d 10, 16, *aff'd* (1964), 31 Ill. 2d 507.

Accordingly, we find no allegation sufficient to raise the defense of equitable estoppel.

For the reasons stated, the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

HOPF and WOODWARD, JJ., concur.