**SPORTS/MEDIA SALES CO., Plaintiff,**

v.

**William F. RASMUSSEN, d/b/a Rasmussen Associates, Defendant.**

No. 87 C 8218.

United States District Court, N.D. Illinois, E.D.

Aug. 3, 1988.

Peter B. Newton, Ralph T. Russell, Neal Gerber Eisenberg & Lurie, Chicago, Ill., for plaintiff.

Sheldon Davidson, Donald J. Moran, Cynthia L. Meltzer, Pedersen & Houpt, Chicago, Ill., for defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Sports/Media Sales Co. ("Sports Media") filed this action against William Rasmussen charging in Counts I and III breach of an oral agreement and seeking in Count II damages in quantum meruit. On October 16, 1987, we found this case related to *William Rasmussen v. Sports Media Sales Co.*, No. 87–8173, in which Rasmussen charges breach of the same oral agreement and in which we granted defendants' motion for summary judgment as to Count II (see attached opinion).[1] Rasmussen now moves in this action for summary judgment as to the breach of contract counts contending that the alleged oral contract is unenforceable under the Illinois Statute of Frauds. For the reasons set forth in this opinion, the motion for summary judgment is denied.

### Discussion

The Illinois Statute of Frauds provides in pertinent part that

> [N]o action shall be brought ... upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person therunto by him lawfully authorized. Ill.Rev.Stat. ch. 59, ¶ 1 (1985).

An oral contract which by its terms indicates that the performance of all duties need not be completed within a year of contract formation may nevertheless be outside the statute, and therefore enforceable, if performance can be completed within one year. *Gilliland v. Allstate Insurance Co.*, 69 Ill.App.3d 630, 26 Ill.Dec. 444, 446, 388 N.E.2d 68, 70 (1979). Even if

---

1. The attached decision sets forth the factual background for this action. We refer in this opinion to the material undisputed facts as they become relevant to our decision.

completion of performance is unlikely to occur within one year, that it is at all possible is sufficient to remove the oral agreement from the reach of the statute of frauds. *Goldstick v. ICM Realty*, 788 F.2d 456, 464 (7th Cir.1986).

Sports Media has set forth sufficient evidence from which a trier of fact could conclude that full performance of the oral agreement within a year was possible. The parties contracted in May or June of 1985, and the agreement contemplated the provision of advertising for the 1985–86 and 1986–87 inter-collegiate athletic seasons. Sports Media promised to sell advertising to fill programming on the Illini Sports Network throughout the two seasons and to remit all advertiser payments, less commission, to Rasmussen. The evidence proffered by Sports Media supports its contention that it could have sold all advertising for the two seasons by May 1986, one year after contract formation. Sports Media completed sales for the 1985–86 season and began as early as November 1985 to obtain advertising contracts for the 1986–87 season. The affidavits of Bernie Kvale, a purported expert in the field of sports event advertising, and William Lemanski, President of Sports Media, indicate that the custom and practice in the advertising industry is that advertising decisions are completed during the spring prior to the sports seasons, and that Sports Media would very likely have sold a full slate of advertising for the 1986–87 season by May of 1986 had Rasmussen not attempted to terminate the contract in February 1986.

Rasmussen contends that the terms of the alleged contract demonstrate that contractual duties were to exist for two years, and the possibility of performance within one year does not defeat application of the statute of frauds. Rasmussen distorts the holding and reasoning of a number of cases in order to find support for this position. In *Lund v. E.D. Etnyre & Co.*, 103 Ill.

App.2d 158, 242 N.E.2d 611, 613 (2d Dist. 1968), the Illinois Appellate Court stated that the capable-of-performance exception does not refer "to the physical possibility of doing the work contemplated in a shorter time than that specified in the agreement. Rather, it is a question of whether, pursuant to the terms of the agreement, performance is possible within a year." The Court held that performance was not possible within a year of contract formation because the contract expressly provided that performance would not begin until two years after contract formation. Similarly, the district court in *Rosenstein v. Ida Products Co.*, 362 F.Supp. 642, 645 (N.D.Ill.1973), found the oral agreement unenforceable because the agreement expressly provided that defendant's obligations were to extend through a period ending well after one year of contract formation. Neither case is of any assistance to Rasmussen. Sports Media's duty as alleged was to sell advertising for two sports seasons. Rasmussen has presented no undisputed evidence that the contract expressly provided that Sports Media should or could not complete the sales within a year of contract formation.[2]

Finally, Rasmussen cites to a number of cases in which courts found that multi-year employment contracts cannot be performed within one year. *Everett v. Broadcast Data Base*, No. 80 C 2570, slip op. (N.D.Ill. Aug. 14, 1980); *Gilliland v. Allstate Insurance Co.*, supra; *Sinclair v. Sullivan Chevrolet Co.*, 31 Ill.2d 507, 202 N.E.2d 516 (1964). The gravamen of those decisions was that such employment contracts are by their very nature incapable of being performed within one year. The alleged oral agreement between Rasmussen and Sports Media is not an employment contract, so these decisions are irrelevant.

### Conclusion

Sports Media has presented evidence that creates a genuine issue of fact as to wheth-

---

**2.** Rasmussen points out that Sports Media alleges in the complaint that the contract "was to run for a two-year period." This allegation does not defeat Sports Media's position on summary judgment. The crucial inquiries are whether, as in *Lund* and *Rosenstein,* the contract expressly requires the parties to perform their duties be-

yond a year from contract formation and, if not, whether performance is possible within that one-year period. Sports Media has presented evidence that performance was possible within a year, and Rasmussen has presented no evidence that the contract expressly disallowed such performance.

er the parties were capable of performing their duties under the oral agreement within one year of contract formation. Accordingly, Rasmussen's motion for summary judgment is denied. It is so ordered.