## WILBER v. PAINE.

*ERROR.—Trespass—Statute of Frauds—Part Performance.*

Party in possession of land under parol contract may maintain trespass against the owner.

Possession given upon a parol contract for leasing lands and performance by lessee, takes the case out of the statute of frauds.

THIS case come before the Supreme Court, on a writ of error, at the May term, 1824, in the county of Jackson, Judges Hitchcock and Burnet being on the bench.

The facts were these: The defendant in error made a parol contract with one E. Shearer, that he (Shearer) should clear and fence a certain lot of ground, in consideration of which he should be permitted to raise on the premises a crop of corn. Shearer, in pursuance of the contract, took possession of the lot, cleared and fenced it, and raised his crop; but before it was gathered, he sold it to the plaintiff, Wilber, for a valuable consideration, and authorized him to gather and remove it. Notice of this sale was

given to Paine, who afterward went on the premises, gathered the corn, removed it, and converted it to his own use, for which this action of trespass was brought.

The declaration contains two counts. The first is laid with a 252] *quare clausum fregit.* The second with an *exportavit* *only. Plea not guilty. The court of common pleas (the president dissenting) decided that the case was within the statute of frauds and perjuries, and gave judgment against the plaintiff below, to reverse which this writ of error was brought.

DOUGLAS, for the plaintiff in error, contended:

That if any part of the case was within the statute, it must be that relating to the contract with Shearer. That the sale by Shearer could not be within it, or if it was, that it could only be avoided by Shearer himself, Paine having nothing to do with it. He also relied on the fact of part performance, and cited 5 Johns. 372; 11 Johns. 145; 1 Ld. Raym. 182; 11 East, 362; 1 Bos. & Pul. 397; 3 Day, 476; 6 East, 602; 2 Stra. 783.

BRUSH, for the defendant, contended:

That Paine may avail himself of the statute, against Wilber, otherwise Shearer by his own act, has repealed the statute. He admitted that a growing crop might be levied on, but contended that it could not be sold without writing, and relied on the cases of Howard *v.* Easton, 7 Johns. 205, and Emerson *v.* Helis, 2 Taunt. 38. He also objected to the form of the action, and contended that trespass could not be maintained.

By the COURT:

The objection to the form of the action can not be maintained. The nature and object of the contract required that Shearer should be put into possession of the lot, which appears clearly to have been the fact. The sale by Shearer to Wilber transferred all his right in the crop, and if the contract had contained no stipulation in relation to the possession, it would nevertheless have transferred that right, as far as was necessary to protect, gather, and remove the crop, which could not have been done without an entry on the premises. The sale of a growing crop, without the right of entering on the premises, upon which it is growing, would be of no avail. The contract would be a perfect nullity. As

Wilber *v.* Paine.

Shearer's right of possession, by the terms of his contract with Paine, was to terminate when the crop was removed, and as the crop, with the right of removing it, was sold to Wilber, there can be no doubt as to the *real intention of the parties. The [253 possession passed with the crop. Shearer had no right or interest remaining, and Paine, by entering and removing the corn, was a trespasser. As between the parties to this suit, there was no contract. Wilber was not privy to the agreement with Paine. He entered by virtue of a right derived from Shearer, and his proper remedy was trespass. We do not consider it necessary, however, to maintain this action, that the plaintiff should have the full and exclusive possession of the premises. A possessory right under an agreement is sufficient. The grantee, *vesturæ terræ* or *herbagii terræ*, may maintain trespass *quare clausum fregit*, though he have not the soil. Co. Lit. 4 b. An exclusive right of digging turf, is a sufficient interest in the soil to maintain trespass. 3 Burr. 1824. So he who has the exclusive right to the herbage or pasture of a close, may maintain trespass against the owner, or a stranger. Moore, 355; 5 Term, 329. So the person entitled to the exclusive enjoyment of a crop growing on land, may maintain trespass against the owner of the land, although the agreement only authorizes the cutting and carrying of it away. 6 East, 602. But in this case Shearer had the entire and exclusive possession of the lot, delivered to him under his contract with Paine, and Wilber, by his agreement with Shearer, succeeded to that possession. Paine, therefore, had no right to enter till the expiration of the term, which was to continue till the crop was gathered and removed.

But the defendant principally relies on the fifth section of the act for the prevention of frauds and perjuries, which is in these words: "That no action shall be brought, whereby to charge the defendant on any contract for the sale of lands, tenements, or hereditaments, or any interest in, or concerning of them, unless the agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized." As the contract which gave rise to this action, and on which the plaintiff claims the right to sustain it, is for an interest in land, it comes within the operation of the statute, and if either party had wholly refused to execute

254] it, neither could have sustained a bill for a specific *performance; but this court has repeatedly decided that part performance may take a case out of the statute, and although the policy of such exceptions has been questioned, we are induced to believe that, if they be admitted with caution, they have a salutary tendency; and that they are sometimes necessary to prevent the statute from confirming and legalizing the frauds it was intended to suppress. No case has been decided in this court, from which any general rule can be inferred, as to the description of part performance, that will take an agreement out of the statute. It has been settled in England that payment of money alone will not do it, because by the repayment of principal and interest the parties may be placed in *statu quo;* and because their statute has said, in relation to goods, that payment of money shall prevent its operation. This provision, existing in the statute, and being confined to one class of cases, they infer the intention of Parliament that it should not extend to any other. In the construction of our statute, this distinction can not arise, because it does not exist. The statute does not contain any provision by which payment of money, in any case, shall prevent its operation. It is not necessary, however, to express an opinion on this point, as it is not presented by the case before us. The circumstance relied on by the plaintiff in error is, that he was put in possession of the lot, and that he has performed the contract fully on his part. In the case of Clinan *v.* Cooke, Lord Reddesdale lays it down as a rule, that nothing should be considered as a part performance that does not put the party in such a situation as that it would be a fraud on him not to perform the agreement, and cites a case similar to the one before us, to illustrate his meaning and show the propriety of the rule. In Foxcraft *v.* Leister, 2 Vern. 436, it was said that the party who had been let into possession ought not to be liable as a wrong-doer, because he entered in pursuance of an agreement; that for the purpose of defending himself against a charge that might be brought against him, parol evidence was admissible, and if admissible for one purpose, there was no reason why it should not be admissible throughout.

255] *In the Earl of Aylesford's case, 2 Stra. 673, there was a parol agreement for a lease of twenty-one years. The lessee had entered and enjoyed for a part of the term, and then the earl brought a bill to oblige him to execute a lease for the residue

Wilber *v.* Paine.

of the term. The lessee pleaded the statute, which was overruled, because the agreement had in part been carried into execution.

The cases cited from 1 Ld. Raym., 11 East, 1 Bos. & Pul., and 3 Day, might be in point in a case between Wilber and Shearer, but as between these parties, we do not see their application.

It has frequently been held, on the circuit, that the delivery of possession, on a parol agreement, was sufficient to take it out of the statute, and we see no reason to reverse the rule, or to reject the principle on which it is founded. When the existence of a contract is evidenced by a change of possession, which must result from the joint act of the parties, the mischief intended to be remedied by the statute is scarcely to be apprehended. The fact, as far as it goes, is as satisfactory evidence of the existence of a contract as a memorandum in writing could be, and it may be added, that under such circumstances, to enforce the statute, and leave the party who has been put into possession, by virtue of an agreement, to be treated as a wrong-doer, would not only be repugnant to justice, but would make the statute a shield and protection for injustice.

In giving a construction to any statute, the court must consider its policy, and give it such an interpretation as may appear best calculated to advance its object by effecting the design of the legislature. The great object of the statute in question is clearly expressed in the title prefixed to it. It is for the prevention of frauds and perjuries. It is not, therefore, to be presumed that it was intended, in any instance, to encourage fraud, and we may infer that any construction which would have a certain tendency to do so, would counteract the design of the legislature, by advancing the mischief intended to be prevented. Most of the decisions restricting the statute, 29 Charles II., and taking cases out of its operation that might be brought within *it, by a literal [256 construction of its terms, have been made on the same principle, as for example : although the statute requires that all contracts for the sale of lands should be in writing, yet defendants in equity have been, and are permitted to introduce parol evidence varying or discharging such contracts, or for the purpose of avoiding them for fraud, accident, or mistake, notwithstanding they are for the sale of land.

The reason commonly assigned in support of these cases is, that

the statute is intended for the benefit of the party to be charged, yet it is easy to perceive that the decisions may be ascribed to the license of construction before referred to, and that they depend on the same principle, that the contract, as it appears in writing, can not be enforced, without a fraud on the defendant. In the case before us, we can not forbear to enforce the contract, without sanctioning a fraud on the plaintiff. It is also the constant practice to permit a complainant to vary his written contract by parol, if he can make out a clear case of fraud, such a one as, in the language of Lord Thurlow, " comes among the string of cases where it is considered a fraud upon the rule of law."

Such cases as these, and such as are founded on the fact of part performance, show it to be the impression of courts in Great Britain, and in this country, that for the due administration of justice, it is necessary, by the use of a sound legal discretion, so to interpret statutes as to advance the remedy and suppress the mischief.

On this principle, we have decided that a parol lease of a farm for one year, after the lessee had been put into possession, was valid, and that the tenant might defend his possession against his landlord, as well as against a stranger. In the case now before us Shearer was not only put into possession, but was permitted quietly to occupy till he made all the improvements that were agreed upon as a substitute for the rent, and until he had raised his crop and sold it to the plaintiff for a valuable consideration, then the defendant entered, and removed the crop, on the ground 257] that his contract *was void, and to protect himself in this act of fraud, he sets up the statute against fraud. We have no hesitation in saying that the defense attempted is against conscience, and that the facts in this case take it out of the statute.

The judgment of the court below, therefore, must be reversed.