MAC COHN, Plaintiff-Appellant, v. CHECKER MOTORS CORPORATION *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—91—0016

Opinion filed August 4, 1992.

Feiwell, Galper & Lasky, Ltd., of Chicago (Daniel C. Meenan, Jr., and James B. Ford, of counsel), for appellant.

Sonnenschein, Nath & Rosenthal, of Chicago (James R. Ferguson and Matthew D. Tanner, of counsel), for appellees.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff Mac Cohn appeals from the circuit court's granting of summary judgment in favor of defendants Checker Motors Corp. and Yellow Cab Co. In his two-count complaint for breach of an oral contract and promissory estoppel, Cohn alleges that in 1959, he and Morris Markin, who was acting on behalf of defendants and their corporate predecessors, entered into an oral agreement whereby defendants agreed to give Cohn the exclusive right to purchase all of their retired cabs. Cohn claims that in return he agreed to purchase and resell all of the cabs retired by defendants, and to teach Markin's son David the business and to divide the profits with him. The agreement was to continue as long as Cohn fulfilled his obligations. In addition, Cohn alleges that in 1959, pursuant to the agreement, he and David began to purchase and sell defendants' retired cabs, and that between 1959 and 1961, he and David purchased and sold all taxicabs retired by defendants, an average of 250 cabs a year, and split the profits from the sale of each cab.

Cohn also alleges that in 1961, upon representations made by Morris, and in order to facilitate the performance of his agreement with defendants, he and his family moved from Minneapolis to Chicago; that between 1961 and 1984, he continued to purchase and resell virtually every resaleable cab retired by defendants, to teach David the business, and to share the profits with David in accordance with the agreement; that during that same time period defendants provided him with free office space and performed repairs on the cabs he was to sell; and that he forbore several business opportunities during that time. However, Cohn claims that beginning in

1984, defendants breached the agreement by directly marketing and selling retired cabs to other persons and entities but not to him. As a result of defendants' breach, Cohn seeks $216,000 in damages.

Defendants' motion for judgment on the pleadings, in which they argued that the agreement was terminable at will, was denied. Similarly, defendants' first motion for summary judgment was denied by Circuit Judge Willard Lassers. Defendants then filed an amended answer to the complaint and a second motion for summary judgment in which they asserted for the first time that the Uniform Commercial Code Statute of Frauds (see Ill. Rev. Stat. 1991, ch. 26, par. 2—101 *et seq.*) and the Illinois Statute of Frauds (Ill. Rev. Stat. 1959, ch. 59, par. 1) barred enforcement of the agreement. Circuit Judge Paddy McNamara granted defendants' second motion for summary judgment. Cohn's motion to reconsider was denied and he appeals.

Our sole function in reviewing the trial court's entry of summary judgment is to determine whether the lower court correctly ruled that no genuine issue of material fact had been raised and, if none was raised, whether judgment was correctly entered as a matter of law. (*Blankenship v. Dialist International Corp.* (1991), 209 Ill. App. 3d 920, 923.) Summary judgment is appropriate only when the pleadings, depositions, affidavits, and admissions on file present no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005; *In re Estate of Olenick* (1990), 204 Ill. App. 3d 291, 297, *appeal denied* (1991), 136 Ill. 2d 544.) Moreover, it is well established in our law that the pleadings, depositions, admissions, and affidavits in support of a motion for summary judgment are to be construed most strictly against the moving party and liberally in favor of the opponent (*Pyne v. Witmer* (1989), 129 Ill. 2d 351, 358; *Kolakowski v. Voris* (1980), 83 Ill. 2d 388, 398; *Parkway Bank & Trust Co. v. Gleich* (1991), 213 Ill. App. 3d 444, 454); and, as Cohn points out, summary judgment is rarely granted in cases involving oral contracts because the intent of the parties is a question for the jury. *State National Bank v. Kewanee National Bank* (1973), 16 Ill. App. 3d 272, 274 ("[s]ummary judgment is particularly inappropriate where the parties seek to draw inferences on questions of intent").

■ Cohn's first contention of error is that the trial court improperly granted summary judgment in favor of defendants based on the Uniform Commercial Code—Sales (the Code) (see Ill. Rev. Stat. 1991, ch. 26, par. 2—101 *et seq.*). Although Cohn raises several arguments in support of this contention, we address first his

assertion that the Uniform Commercial Code does not apply because it was not enacted in Illinois until after the oral agreement at issue was entered into. Instead Cohn contends that the Uniform Sales Act, which was repealed in 1961, applies in this case. (See Ill. Rev. Stat. 1991, ch. 121½, par. 1—77.) Although defendants argue that Cohn has waived this argument for having failed to advance it in the trial court, "it is the obligation of the reviewing court to take notice of matters which go to the jurisdiction of the circuit court." *People v. Larry* (1986), 144 Ill. App. 3d 669, 680-81, citing *Eastern v. Canty* (1979), 75 Ill. 2d 566, 570.

The Code became effective in Illinois on July 1, 1962. (See Ill. Rev. Stat. 1991, ch. 26, par. 10—101.) Cohn alleges in his complaint that the contract was entered into in 1959. The Illinois Code Comment to section 10—101 indicates, in the case of a contract which was entered into before the effective date of the Code but which is breached once the Code is effective, that although the remedies available to the aggrieved party would presumably be those provided by the Code, because those provisions are procedural or remedial in character and therefore do not pose the problem of retroactivity, questions involving the interpretation or validity of the contract would be governed by the Uniform Sales Act. (Ill. Ann. Stat., ch. 26, par. 10—101, Illinois Code Comment, at 367-69 (Smith-Hurd 1974).) Similarly, although defendants' argument that this court should apply the Code in this case because the dominant or major part of the course of conduct in this case occurred after it became effective (see 9 R. Anderson, Uniform Commercial Code §10—101:9, at 855 (1985); *Ebasco Services, Inc. v. Pennsylvania Power & Light Co.* (E.D. Pa. 1978), 460 F. Supp. 163; *Humble Oil & Refining Co. v. Copley* (1972), 213 Va. 449, 192 S.E.2d 735), Professor Anderson clearly states that "[t]he Code does not apply to determine the admissibility of oral evidence in connection with a pre-Code transaction. Whether an oral contract can be taken out of the statute of frauds is to be governed by the pre-Code law when the oral contract was made before the adoption of the Code." 9 R. Anderson, Uniform Commercial Code §10—101:4, at 852 (1985); see also 9 R. Anderson, Uniform Commercial Code §10—101:9, at 855 (1985) (which states, "[a] sales contract made prior to the effective date of the Code is not governed by the Code").

In *Burke v. 12 Rothschild's Liquor Mart, Inc.* (1991), 209 Ill. App. 3d 192, 201, this court held that the circuit court exceeded its authority in awarding contribution judgments based on injuries which occurred before the effective date of the Contribution Act

and therefore the judgments were void. However, because the part of the judgment which was rendered in excess of the court's authority was separable from the remainder of the judgment, we declined to invalidate the entire judgment. (*Burke*, 209 Ill. App. 3d at 201.) Similarly, here, because the Code is inapplicable to this dispute, we hold that the circuit court's order granting summary judgment is void insofar as it relies on section 2—201 of the Code.

■ We therefore decline to address Cohn's arguments relating to the Uniform Sales Act because, as defendants point out, they are waived due to his failure to raise them in the trial court. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500; see also *St. Louis v. Rockwell Graphic Systems, Inc.* (1991), 220 Ill. App. 3d 704, 710, *appeal allowed* (1992), 143 Ill. 2d 648 (in which the court held that the plaintiff waived the argument that an amendment to the statute of repose for construction activity which shortened it from 12 to 10 years did not apply retroactively to the plaintiff's case because he failed to present the issue to the trial court).) The first time Cohn raised this issue was in his reply to defendants' response to his motion to reconsider. "[W]hen an argument is first brought to the trial court's attention by way of a post-judgment motion, the issue on appeal is whether the trial court has abused its discretion in denying that motion. [Citation.] Moreover, when the motion is supported by evidence not presented prior to judgment, it is properly denied where it appears that the evidence was in the movant's possession and could have been presented before judgment was rendered ***." (*Rahill Corp. v. Urbanski* (1984), 123 Ill. App. 3d 769, 777.) Accordingly, because Cohn could obviously have raised this argument before judgment was entered, we cannot say that the trial court abused its discretion in denying his motion to reconsider.

■ As a reviewing court, we have the authority to affirm the judgment of the circuit court on any ground supported by the record. (*Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 502; *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387.) In this case, defendants sought summary judgment on the additional ground that Cohn's action was barred by section 1 of the Illinois Statute of Frauds (Ill. Rev. Stat. 1959, ch. 59, par. 1). However, Cohn claims that section 1 does not bar enforcement of the oral agreement because the oral agreement could have been performed within one year. Section 1 provides:

> "That no action shall be brought, whereby to charge *** any person *** upon any agreement that is not to be per-

formed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." Ill. Rev. Stat. 1959, ch. 59, par. 1.

Cohn claims on the authority of *Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, that the agreement could have been fully performed within one year if defendants stopped retiring taxicabs, or if he died or retired. There, the court stated that the test "is simply whether the contract by its terms is capable of full performance within a year, not whether such occurrence is likely." (*Martin*, 109 Ill. App. 3d at 604.) The court also noted that "[i]n general, lifetime employment contracts have not been held barred by the Statute of Frauds." (*Martin*, 109 Ill. App. 3d at 604.) Accordingly, the court held that the plaintiff's retirement or voluntary departure from his employment with Federal were "contingencies that could have occurred within a year, in which case the contract would have been fully performed." *Martin*, 109 Ill. App. 3d at 604.

However, we, as did the court in *Koch v. Illinois Power Co.* (1988), 175 Ill. App. 3d 248, 254, *appeal denied* (1989), 124 Ill. 2d 555, disagree with the analysis in *Martin* and find the better view to be that "a contract which should have a duration of more than one year, such as a contract for permanent employment, should be in writing. [Citations.]" Moreover, "[t]o be outside of the one-year provision of the Statute of Frauds, 'the contract must be capable of being fully performed within one year and not simply terminated by some contingency such as death or bankruptcy.' [Citations.]" (*Silvestros v. Silvestros* (1990), 206 Ill. App. 3d 84, 88; see also *Sinclair v. Sullivan Chevrolet Co.* (1964), 45 Ill. App. 2d 10, 15, *aff'd* (1964), 31 Ill. 2d 507.) In this case, Cohn alleged that the agreement "was to continue permanently so long as he continued to perform his obligations under the agreement." Therefore, we find that the contingencies cited by Cohn would simply have terminated the agreement short of full performance.

Cohn argues further that the Statute of Frauds is not available as a defense where there has been sufficient performance by one party in reliance on the agreement. (*Anastaplo v. Radford* (1958), 14 Ill. 2d 526; *Payne v. Mill Race Inn* (1987), 152 Ill. App. 3d 269; *Culbertson v. Carruthers* (1978), 66 Ill. App. 3d 47.) In *Payne*, the court noted that "part performance will avoid application of the

Statute of Frauds only when the performance is such that it is impossible or impracticable to return the performing party to the pre-performance status quo, or to compensate him for what he has parted with, or for the value of his performance." (*Payne*, 152 Ill. App. 3d at 278.) According to Cohn, the application of this doctrine requires a factual determination which precludes the entry of summary judgment. However, "[a]lthough acts of partial performance are typically sufficient to take an oral agreement out from under the operation of the Statute of Frauds in an action at equity, such acts do not take an action at law outside the operation of the Statute of Frauds." (*Sjogren v. Maybrooks, Inc.* (1991), 214 Ill. App. 3d 888, 892; see also *Gibbons v. Stillwell* (1986), 149 Ill. App. 3d 411, 415; *Phillips v. Britton* (1987), 162 Ill. App. 3d 774, 781-82; Restatement (Second) of Contracts §129, Comment *c* (1981).) We hold, therefore, that the doctrine of part performance does not prevent the application of the Statute of Frauds in this case.

Cohn's final contention of error is that the Statute of Frauds does not bar his claim for promissory estoppel and therefore summary judgment should not have been granted as to count II of his complaint, which is based on that theory. The elements of promissory estoppel are: "(1) a promise, (2) which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (3) which induces such action or forbearance, and (4) which must be enforced in order to avoid injustice. [Citation.]" (*Phillips*, 162 Ill. App. 3d at 785.) However, in order to trump the Statute of Frauds, a party must invoke the doctrine of equitable estoppel, which differs from promissory estoppel in that the party asserting it must additionally allege words or conduct amounting to a misrepresentation or concealment of material facts. *Ozier v. Haines* (1952), 411 Ill. 160; *Sinclair v. Sullivan Chevrolet Co.* (1964), 45 Ill. App. 2d 10, *aff'd* (1964), 31 Ill. 2d 507.

Nevertheless, Cohn claims that the rule of *Ozier* and its progeny is "draconian" and outdated and therefore he urges us to follow the authority of *R. S. Bennett & Co. v. Economy Mechanical Industries, Inc.* (7th Cir. 1979), 606 F.2d 182, and apply the doctrine of promissory estoppel in this case. In *Bennett*, the Seventh Circuit concluded that "the applicability of *Ozier* and *Sullivan* to the sales of goods has eroded sufficiently that the Illinois Supreme Court would no longer consider the statute of frauds as a complete bar to recovery on an estoppel theory." (*Bennett*, 606 F.2d at 188.) However, in *Goldstick v. I C M Realty* (7th Cir. 1986), 788 F.2d 456,

464, the Seventh Circuit noted that there was a question as to whether *Bennett* was a correct statement of Illinois law. In any event, "decisions by the Federal courts, other than the United States Supreme Court, as to the law of Illinois are not binding on State courts." *(Combs v. Insurance Co.* (1986), 146 Ill. App. 3d 957, 962.) Instead we remain bound by the decisions of our supreme court in *Ozier* and *Sinclair.*

Moreover, recently in *Ceres Illinois, Inc. v. Illinois Scrap Processing, Inc.* (1986), 114 Ill. 2d 133, 148, our supreme court reaffirmed this rule when it stated that, "[t]o invoke the doctrine of estoppel the representation or conduct need not be 'fraudulent in the strict legal sense or done with an intent to mislead or deceive.' [Citation.] Rather, the test is 'whether in all circumstances of the case conscience and [the] duty of honest dealing should deny one the right to repudiate the consequences of his representations or conduct.' [Citation.] In the absence of such conduct the party changing his position must be said to have acted solely upon his own judgment and at his own risk. *Ozier v. Haines* (1952), 411 Ill. 160, 165." The court concluded that the plaintiff's actions did not amount to fraud or misrepresentation and therefore that the defendant's actions were taken at his own risk. (*Ceres Illinois,* 114 Ill. 2d at 148; see also *Fischer v. Mann* (1987), 161 Ill. App. 3d 424, 431 (in which the court held that defendants were not estopped from asserting the Statute of Frauds as a defense where there was no allegation of misrepresentation or concealment of material facts sufficient to raise the defense of equitable estoppel).) Consequently, because Cohn has not alleged that defendants misrepresented or concealed material facts, defendants are not estopped from asserting the Statute of Frauds as a defense.

For all of the above-stated reasons, the judgment of the circuit court is affirmed.

Affirmed.

HARTMAN, P.J., and DiVITO, J., concur.