RANDY DICKENS, Plaintiff-Appellant, v. QUINCY COLLEGE CORPORATION, Defendant-Appellee.

Fourth District   No. 4—92—0972

Argued May 19, 1993.—Opinion filed June 10, 1993.

Andrew C. Schnack III (argued), of Schnack, Schnack & Cashman, of Quincy, for appellant.

R.P. O'Connell (argued), of Richard P. O'Connell, Ltd., of Quincy, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

This is an appeal by plaintiff Randy Dickens from an order of the circuit court of Adams County dismissing his complaint against defendant Quincy College Corporation. Plaintiff's complaint sought damages for breach of an employment contract as football coach.

On appeal, plaintiff raises two issues: (1) whether the trial court misapplied section 1 of the Frauds Act, commonly known as the statute of frauds (Ill. Rev. Stat. 1991, ch. 59, par. 1), to the oral extension of the parties' written contract because the extension was supported and ratified by sufficient memoranda; and (2) whether, as a matter of law, part performance or promissory estoppel created an exception to the statute of frauds applicable to the case at bar. We affirm.

According to plaintiff's amended complaint, on April 23, 1986, the parties entered into a written employment contract. Plaintiff was to be paid $30,000 per year as a full-time employee, and the duration of the contract was from June 1, 1986, to June 1, 1989. It was alleged that plaintiff at all times duly performed all conditions and terms of the contract and faithfully, fully, and properly discharged the duties of employment. During the period from June 1, 1986, to June 1, 1989, the contract was modified in that plaintiff was given annual increases in salary. When the written contract expired, the parties entered into an oral contract "with written memorandum" for employment for the period of September 1, 1989, to September 1, 1990. During October 1989, plaintiff was orally advised by James Toal, defendant's president, that the contract between the parties would be extended for two years commencing September 1, 1990, under the same terms and conditions as his previous contract and at a salary of $37,692 per year. It was further alleged that, at that same time and place, plaintiff accepted Toal's offer. Plaintiff continued as defendant's head football coach until March 25, 1991, when he was terminated from defendant's employ effective June 1, 1991.

In count I of plaintiff's amended complaint, this termination of employment is alleged to be a breach of contract which was the direct and proximate cause of plaintiff's loss of income and benefits and the expending of considerable sums of money seeking other employment. Count II of the amended complaint further alleged as follows:

"11. In reliance upon the representations of the Defendant, Plaintiff performed all acts and duties assigned to him as football coach and employee of Defendant.

12. That the Defendant accepted the services of the Plaintiff up to and through March 25, 1991.

13. That the Defendant advertised and made known to the general public and potential students the additional Contract extensions of Plaintiff and used said extensions to its own benefit.

14. The Plaintiff gave up various other opportunities for advancement in reliance upon the promises of employment made by the Defendant.

15. That Plaintiff and his family, to whom he has both a moral and legal obligation to support, relied upon the promises made by the Defendant.

16. That Plaintiff performed all the terms and conditions of the Contract extension as required, and the Defendant up to March 25, 1991, accepted these benefits."

The *ad damnum* to both counts sought money damages.

In response, and pursuant to section 2—619(a)(7) of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(7)), defendant filed a motion to dismiss asserting that plaintiff's claim was unenforceable under the statute of frauds. No affidavits were filed with the motion to dismiss. After hearing arguments of counsel, the trial court granted the motion to dismiss.

Subsequently, plaintiff filed a timely motion for reconsideration. In support of the motion, plaintiff filed a memorandum to which was attached a photocopy of an April 9, 1990, letter from Toal to plaintiff informing plaintiff his salary for 1990-91 would be $37,692, a 5.5% increase over his closing 1989-90 salary. Also attached as an exhibit was a photocopy of a newspaper article reporting that defendant had announced it had "rewarded" plaintiff with a two-year contract extension. However, the record does not disclose the date of publication of the newspaper article. No affidavits accompanied these exhibits. The motion for reconsideration was denied.

Section 2—619(a)(7) of the Code allows for involuntary dismissal if the claim asserted is unenforceable by reason of the statute of frauds. If the grounds for seeking the dismissal of a complaint do not appear on the face of the complaint, the motion is to be supported by affidavit. (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a).) The party opposing the motion to dismiss may file counteraffidavits. Ill. Rev. Stat. 1991, ch. 110, par. 2—619(c); *Michel v. Gard* (1989), 181 Ill. App. 3d 630, 635-36, 536 N.E.2d 1375, 1379.

■ Plaintiff's first argument is that the statute of frauds does not apply to this case because it involves the oral extension of a prior written contract. As pertinent to the case at bar, section 1 of the statute of frauds provides:

"[N]o action shall be brought *** upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." (Ill. Rev. Stat. 1991, ch. 59, par. 1.)

Plaintiff's argument is illogical. Plaintiff concedes the underlying purpose of the statute of frauds is to prevent fraud. The statute of frauds applies to oral employment contracts which cannot be performed within one year. (See *Sinclair v. Sullivan Chevrolet Co.* (1964), 31 Ill. 2d 507, 509-11, 202 N.E.2d 516, 518-19; *Koch v. Illinois Power Co.* (1988), 175 Ill. App. 3d 248, 254, 529 N.E.2d 281, 286.) Plaintiff cites no case which exempts oral extensions of written contracts which extensions cannot be performed within one year.

The written contract in this case expired June 1, 1989. The complaint alleges an oral contract extension from September 1, 1989, to September 1, 1990. Apparently, this extended contract was fully performed because plaintiff was not fired until March 1991, effective June 1, 1991. Therefore, the contract which plaintiff seeks to enforce in this case is the oral two-year extension of the prior written and oral contracts. According to the allegations of the amended complaint, the two-year extension, which was to begin September 1, 1990, was agreed to by the parties in October 1989. At the time of the alleged agreement, the two-year extension would not even begin for almost 11 months and obviously could not be performed within one year from the date of the agreement. The statute of frauds applies to this case.

Next, plaintiff argues the dismissal was premature because, through discovery, he may find sufficient memoranda to satisfy the statute of frauds. This is speculative. Plaintiff submitted no affidavits which indicated that such documents exist. In the event material facts are not obtainable, the reason therefor must also be set out in an affidavit. (134 Ill. 2d R. 191(b).) Plaintiff did not submit any affidavits to explain why he could not obtain sufficient material to oppose defendant's motion to dismiss prior to conducting discovery.

Plaintiff also did not submit an affidavit which indicated the exhibits attached to the memorandum in support of the motion for reconsideration were true and correct copies of the documents. As *Brunette v. Vulcan Materials Co.* (1970), 119 Ill. App. 2d 390, 396-97, 256 N.E.2d 44, 47, pointed out, letters between parties may not constitute sufficient evidence of an agreement so as to comply with the statute of frauds. Here, Toals' April 9, 1990, letter stated what plaintiff's sal-

ary would be for 1990-91, but it did not otherwise state any terms of the contract, although the original written contract was very simple in form. Of significance is the absence of any indication of a two-year extension of the prior contract, or any other period to be covered by the alleged agreement beyond the 1990-91 school year. Moreover, plaintiff admitted at oral argument before this court that he was paid through the end of the 1990-91 school year and there had been full compliance with the terms of the letter.

Obviously, there is an even greater problem with the newspaper article as it was prepared and reported by someone other than the parties to the litigation. The article is nothing more than a third person's written notation of an oral statement, and is not the parties' written memorialization of an agreement. Therefore, even assuming the newspaper reporter submitted an affidavit indicating the article accurately reflected what was *said*, that would be merely evidence of an oral agreement, unenforceable under the statute of frauds.

■ In order to satisfy the statute of frauds, the writing need not be on a single piece of paper. Nevertheless, all the essential terms must be in writing, and there must be an express reference to the other writings or such a connection between the documents, physical or otherwise, as to demonstrate that they relate to the same contract. (*Chapman v. Freeport Securities Co.* (1988), 174 Ill. App. 3d 847, 854, 529 N.E.2d 6, 10; *Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 303-04, 390 N.E.2d 428, 434; *Bower v. Jones* (7th Cir. 1992), 978 F.2d 1004, 1009.) Not all of the documents need to be signed, as long as those that are signed were signed with the full understanding of the connections to the contract. (*Prodromos v. Poulos* (1990), 202 Ill. App. 3d 1024, 1029, 560 N.E.2d 942, 946.) These facts must be pleaded or reasonably inferable from facts which have been pleaded. See *Prodromos*, 202 Ill. App. 3d at 1030, 560 N.E.2d at 947.

■ In the case at bar, the only written document pleaded was the original written contract. There are no allegations of the existence of any other documents in the complaint which refer to an extended contract of employment. The documents attached to plaintiff's memorandum in support of the motion for reconsideration are (1) not supported by affidavit; (2) the newspaper article is not a document generated by or signed by a representative of defendant; and (3) the letter from Toal does not refer to a two-year extension of the employment contract and there are no well-pleaded facts which would suggest that Toal, in signing the letter, understood he was agreeing to a two-year extension of plaintiff's contract of employment.

■ Next, we consider whether the amended complaint alleged facts which invoke doctrines which bar the application of the statute of frauds, *i.e.*, partial performance and promissory estoppel. We consider the contention relating to partial performance first. Plaintiff's heavy reliance on *Vail v. Board of Education of Paris Union School District No. 95* (7th Cir. 1983), 706 F.2d 1435, is misplaced. *Vail* involved a section 1983 *civil rights action* (see 42 U.S.C. §1983 (1982)), and the question on appeal was whether plaintiff had a property right protected by due process. The court found a protected property right, and rejected defendant's contentions that the contract was unenforceable for a number of reasons, including the statute of frauds. Specifically referring to the statute of frauds argument, the court noted that the statute of frauds is no bar to enforcement of a contract when there has been partial performance. The court then went on to state that, even assuming the contract was unenforceable under State law, that fact did not preclude the establishment of a protected property interest. *Vail*, 706 F.2d at 1437-40.

In *Culbertson v. Carruthers* (1978), 66 Ill. App. 3d 47, 52-53, 383 N.E.2d 618, 623, the court stated:

"Part performance which will take a parol contract out of the statute of fraud [*sic*] is rooted in the equitable concept of reliance. When one party to an oral contract has so far performed his part of the agreement that to allow the other party to invoke the statute of frauds would perpetrate a fraud upon him, chancery will intervene to enforce the contract. However, it is clear that one of the prerequisites in such a case is that the performance must be in reasonable reliance upon the contract. (*Brunette v. Vulcan Materials Co.*, 119 Ill. App. 2d 390, 256 N.E.2d 44.)"

" 'The equitable doctrine [of part performance] is not made available in an action at law merely by reason of the facts that a statute permits both legal and equitable causes of action to be united in one complaint or that in an action at law plaintiff may have the benefit of the doctrine of estoppel[.]' In the instant case the plaintiff had an adequate remedy at law for damages against the bank and, for that reason, would not have been entitled to seek equitable relief. The doctrine of part performance would have had no application to an action at law for damages and, hence, could not have operated to take the alleged oral agreement out of the Statute of Frauds." (*Gibbons v. Stillwell* (1986), 149 Ill. App. 3d 411, 416-17, 500 N.E.2d 965, 969, quoting 37 C.J.S. *Statute of Frauds* §249, at 757 (1943).)

In the case at bar, the fact plaintiff sought money damages in both counts precluded him from raising the partial performance exception to the statute of frauds. See *Cohn v. Checker Motors Corp.* (1992), 233 Ill. App. 3d 839, 845, 599 N.E.2d 1112, 1117; *Taylor v. Canteen Corp.* (C.D. Ill. 1992), 789 F. Supp. 279.

■■ The plaintiff also contends the defendant is estopped from denying responsibility for the alleged contract. Equitable estoppel requires a misrepresentation by word or conduct about material facts or the concealment of material facts. (*Gary-Wheaton Bank v. Burt* (1982), 104 Ill. App. 3d 767, 776-77, 433 N.E.2d 315, 324.) In order for plaintiff to avoid the application of the statute of frauds, plaintiff must plead and prove a misrepresentation on the part of defendant. This plaintiff has not done. Furthermore, at oral argument before this court, plaintiff admitted he was not raising equitable estoppel as an exception to the statute of frauds in this case.

The next question which must be addressed is whether plaintiff can avoid the application of the statute of frauds on the theory of promissory estoppel. Generally, promissory estoppel is used to imply a contract where none exists. The facts which give rise to promissory estoppel are (1) a promise, (2) reasonable and justifiable reliance on the promise by the promisee, (3) the promise was such that the promisor should have reasonably expected and foreseen it would induce action or forbearance of a definite and substantial character on the part of the promisee, and (4) the promisee relied on the promise to his detriment or injury. *Quake Construction, Inc. v. American Airlines, Inc.* (1990), 141 Ill. 2d 281, 309-10, 565 N.E.2d 990, 1004; *Kulins v. Malco, A Microdot Co.* (1984), 121 Ill. App. 3d 520, 527, 459 N.E.2d 1038, 1045; *Illinois Valley Asphalt, Inc. v. J.F. Edwards Construction Co.* (1980), 90 Ill. App. 3d 768, 770, 413 N.E.2d 209, 211.

There is a difference between equitable estoppel, which is an exception to the statute of frauds, and promissory estoppel, which is not. (See *Cohn*, 233 Ill. App. 3d at 845-46, 599 N.E.2d at 1117-18.) If promissory estoppel were an exception to the statute of frauds, contracts could be implied and the statute of frauds easily avoided.

As noted in *Taylor* (789 F. Supp. at 285), a too liberal application of *promissory* estoppel to employment situations can cause a significant impact on the concept of employment at will. In *Libby-Broadway Drive-In, Inc. v. McDonald's System, Inc.* (1979), 72 Ill. App. 3d 806, 810-11, 391 N.E.2d 1, 4, the court declined to apply promissory estoppel as an exception to the statute of frauds. The court stated that the moral wrong of refusing to be bound by an agreement which is not in compliance with the statute of frauds does not warrant the application

of the doctrine of promissory estoppel since the breach of a promise which is not regarded as binding under the law is not fraud. Quoted in *Libby-Broadway Drive-In* is the appellate court opinion in *Sinclair v. Sullivan Chevrolet Co.* (1964), 45 Ill. App. 2d 10, 19, 195 N.E.2d 250, 254, *aff'd* (1964), 31 Ill. 2d 507, 202 N.E.2d 576, which concluded that allowing an action to be based on an inference of a fraudulent promise or misrepresentation simply because the oral promise or agreement was invalid by reason of the statute of frauds would completely repeal the statute. It is logical that, if the statute of frauds bars enforcement of an oral contract which cannot be performed within one year, it also bars the courts from using promissory estoppel to imply the existence of a contract which cannot be performed within one year.

For the foregoing reasons, the judgment of circuit court of Adams County is affirmed.

Affirmed.

STEIGMANN, P.J., and KNECHT, J., concur.