**PEORIA ASSOCIATES LIMITED PART-NERSHIP, an Illinois Limited Part-nership, Plaintiff,**

v.

**BEST BUY CO., INC., a Minnesota Corporation, Defendant.**

No. 97 C 3993.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 24, 1997.

Richard David Grossman, Chicago, IL, for Plaintiff.

Mark Nicholas Senak, Robins, Kaplan, Miller & Ciresi, Kevin A. Shaw, Robins, Kaplan, Miller & Ciresi, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge.

This is a case redolent of a first-year Contracts exam. A retailer wishes to rent space and enters into negotiations with a leasing company. The retailer delivers a signed letter of intent, which specifies that its terms "are binding ... upon full execution hereof and shall not be altered in the lease" but states that "no contract shall exist until a formal lease is executed." The leasing company makes some changes to the terms of the letter and signs it; the retailer does not re-sign but orally agrees to the changes. The parties continue their negotiations, using the basic terms of the letter of intent as the basis for their discussions, and they exchange draft leases. Meanwhile, believing that the retailer intends to rent the property, the leasing company spends substantial funds in preparation for the retailer's arrival. The deal falls through, however, after the retailer's top management determines that the site is less favorable than others in the area. The leasing company sues, demanding recovery of the money it spent and more money in lost rent. The retailer moves for summary judgment.

The issues are straightforward. First: did either the letter of intent or the oral agreement bind the parties, and if so, what obligations did it impose on them? Second: did the oral agreement constitute a promise on which the leasing company was entitled to rely?

### I. The Letter of Intent

■ The leasing company acknowledges that the retailer has not broken any lease, for the retailer's top management refused to ap-

prove one. It instead alleges that the parties entered into a binding letter of intent which imposed on them a duty to negotiate in good faith as described by then-District Judge Leval in *Teachers Insurance and Annuity Association v. Tribune Company*, 670 F.Supp. 491, 498 (S.D.N.Y.1987): "The obligation . . . bar[s] a party from [unilaterally] renouncing the deal [or] abandoning the negotiations." So can the leasing company recover because of the retailer's decision to seek rental space elsewhere?

No. In Illinois the duty of good faith only arises pursuant to a contractual obligation, *see Stuart Park Assoc. L.P. v. Ameritech Pension Trust*, 846 F.Supp. 701, 713 (N.D.Ill. 1994), and this letter of intent was not a binding contract. When interpreting contracts concerning real estate, Illinois courts follow the so-called "mirror image rule," which requires that the offeree accept exactly what the offeror offers—the acceptance must mirror the offer. *E.g., Hubble v. O'Connor*, 291 Ill.App.3d 974, 225 Ill.Dec. 825, 684 N.E.2d 816, 821 (1 Dist.1997) (citing *Loeb v. Gray*, 131 Ill.App.3d 793, 86 Ill.Dec. 775, 475 N.E.2d 1342 (5 Dist.1985)). The leasing company's purported acceptance of the retailer's letter of intent offer, however, included omissions and new terms. That means that the "acceptance" is really a counteroffer, *see id.*, and since the retailer never re-signed the letter, it never accepted that counteroffer.

■ Or did it? The leasing company claims that both parties later orally agreed to accept the amended letter of intent, provoking the retailer to haul out another old contracts standby, the Statute of Frauds. Illinois's Statute requires that contracts creating an interest in land for a term longer than one year be in writing, 740 ILCS 80/2, and a letter of intent concerning an interest in land falls within the grasp of the Statute. *See Bradley Real Estate Trust v. Dolan Assoc. Ltd.*, 266 Ill.App.3d 709, 203 Ill.Dec. 582, 640 N.E.2d 9, 12 (1 Dist.1994) (sale of land); *see also Zander v. Ogihara Corp.*, 213 Mich.App. 438, 540 N.W.2d 702, 705 (1995) (letter of intent to lease land under the Michigan Statute); *Beller & Gould v. Lisenby*, 246 Ga. 15, 268 S.E.2d 611, 615 (1980) (sale of land under Georgia Statute). The claimed oral agreement thus cannot save the letter of intent.

## II. Promissory Estoppel

■ Since there was no contract to negotiate in good faith, the retailer could abandon the negotiations on a whim. But must it still pay? The leasing company contends that it reasonably relied on the retailer's promise (in the oral agreement), entitling it to recover the money it spent preparing for the retailer's arrival. This touches on a confused area of Illinois law: in what way does the Statute of Frauds affect the viability of a promissory estoppel claim? For example, may a promisee recover for its reliance on an *oral* promise concerning an interest in land—a promise which must be in writing when part of a contract supported by consideration?

The Illinois Supreme Court has not resolved the issue, and other cases in this district have already recounted the tortured guesswork of the federal courts on this question. *See, e.g., Genin Trudeau & Co. v. Integra Dev. Int'l*, 845 F.Supp. 611, 616–19 (N.D.Ill.1994). We will follow, as we must, the decision of the state First District Appellate Court, *see Time Warner Sports Merchandising v. Chicagoland Processing Corp.*, 974 F.Supp. 1163, 1172 (N.D.Ill.1997), which concluded that "promissory estoppel . . . falls within the ambit of the statute of frauds," *id.* (citing *Cohn v. Checker Motors Corp.*, 233 Ill.App.3d 839, 175 Ill.Dec. 98, 599 N.E.2d 1112, 1117 (1st Dist.1992)). This is, incidentally, the way we would rule on a clean slate, for we see no reason to privilege for Statute of Frauds purposes half-breed promissory estoppel promises over "real" contracts. If anything, such promises seem even more susceptible to the abuses at which the Statute is aimed. Thus, for the same reasons given in our earlier discussion, the leasing company cannot recover on a promissory estoppel theory.

## III. Conclusion

For the foregoing reasons, we grant Best Buy's motion for summary judgment. It is so ordered.