O’Donnell, J.,
dissenting.
{¶ 54} I respectfully dissent. In my view, today’s holding leads to an unjust result and will adversely affect business in Ohio, much of which involves complex transactions that must of necessity be taken on a step-by-step and handshake *100 basis. This court should instead join the majority position among jurisdictions that have considered this issue, embrace the view espoused by legal scholars, and hold that the equitable doctrine of promissory estoppel may preclude assertion of a statute-of-frauds defense.

The Statute of Frauds

{¶ 55} This court has long held that an agreement subject to the statute of frauds, now codified at R.C. 1335.05, is not enforceable unless it has been properly memorialized. See Heaton v. Eldridge & Higgins (1897), 56 Ohio St. 87, 101, 46 N.E. 638; Hummel v. Hummel (1938), 133 Ohio St. 520, 523-524, 11 O.O. 221, 14 N.E.2d 923. And as stated in Stickney v. Tullis-Vermillion, 165 Ohio App.3d 480, 2006-Ohio-842, 847 N.E.2d 29, ¶ 22, “[t]he statute of frauds is essentially an evidentiary rule the purpose of which is to protect the integrity of certain enumerated contractual transactions. The statute requires that these transactions be in writing or accompanied by a memorandum witnessing the transaction.”

Promissory Estoppel and the Statute of Frauds

{¶ 56} Ohio has adopted the view of promissory estoppel expressed in Restatement of the Law 2d, Contracts (1993), Section 90. See Talley v. Teamsters, Chauffeurs, Warehousemen, & Helpers, Local No. 377 (1976), 48 Ohio St.2d 142, 146, 2 O.O.3d 297, 357 N.E .2d 44. That section states: “A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.”
{¶ 57} Importantly, the doctrine of promissory estoppel has two distinct functions in the law of contracts. First, it may be asserted offensively as a separate, equitable cause of action. See, e.g., Hortman v. Miamisburg, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, ¶23. Second, as the Alabama Supreme Court stated in Mazer v. Jackson Ins. Agency (Ala.1976), 340 So.2d 770, 772, promissory estoppel may be asserted defensively, as it “prevent[s] a party from asserting rights under a general technical rule of law when his own conduct renders the assertion of such rights contrary to equity and good conscience.”
{¶ 58} This case concerns the latter function, and in fact, one of our earliest decisions, Wilber v. Paine (1824), 1 Ohio 251, 255, establishes that equity may bar application of Ohio’s statute of frauds. We explained, “The great object of the statute [of frauds] is clearly expressed in the title prefixed to it. It is for the prevention of frauds and perjuries. It is not, therefore, to be presumed that it was intended, in any instance, to encourage fraud, and we may infer that any construction which would have a certain tendency to do so, would counteract the design of the legislature, by advancing the mischief intended to be prevented.” *101 Id. Thus, we stated, “we can not forbear to enforce the contract [that was not in writing], without sanctioning a fraud on the plaintiff.” Id. at 256. See also LaBounty v. Brumback (1933), 126 Ohio St. 96, 100-101, 184 N.E. 5. And in Hodges v. Ettinger (1934), 127 Ohio St. 460, 466, 189 N.E. 113, we emphasized that “the statute of frauds cannot be permitted to legalize a fraud it was intended to suppress. It cannot be made a shield and protection for injustice.” (Emphasis added.)
{¶ 59} Ohio precedent in this regard is consistent with the position of legal scholars, who have uniformly recognized that it may be appropriate in some instances to bar a party from asserting that a contract is unenforceable due to the statute of frauds. For example, Corbin states, “It is understandable that courts are reluctant to thwart what is perceived as statutory policy, but it should be remembered that the statute of frauds’ application has been circumscribed by its purpose and subjected to equitable judicial limitation ivhenever appropriate since its inception.” (Emphasis added.) 4 Corbin on Contracts (1997) 43, Section 12.8, citing Costigan, The Date and Authorship of the Statute of Frauds (1913), 26 Harv.L.Rev. 329, 344. As the treatise further emphasizes, “The older view that the statute of frauds is impervious to the challenge of promissory estoppel has been correctly criticized.” Id. at fn. 28.
{¶ 60} Similarly, Professors Calamari and Perillo assert, “The doctrine of estoppel, promissory or otherwise, is as much a part of our law as the Statute of Frauds.” Calamari & Perillo, The Law of Contracts (4th Ed.1998) 776. And 10 Lord, Williston on Contracts (4th Ed.1999) 146-148, Section 27:16, explains that estoppel “is called into operation to defeat what would be an unconscionable use of the Statute, and guards against the utilization of the Statute as a means for defrauding innocent persons who have been induced or permitted to change their position in reliance upon oral agreements -within its operation.”
{¶ 61} Although the analyses differ in some respects, an overwhelming majority of jurisdictions recognize that promissory estoppel may bar a party from asserting a defense under the statute of frauds in certain circumstances. See, e.g., Reeves v. Alyeska Pipeline Serv. Co. (Alaska 1996), 926 P.2d 1130, 1139; Johnson v. Gilbert (App.1980), 127 Ariz. 410, 414, 621 P.2d 916; Ralston Purina Co. v. McCollum (App.1981), 271 Ark. 840, 843-844, 611 S.W.2d 201; Monarco v. Lo Greco (1950), 35 Cal.2d 621, 623-624, 220 P.2d 737; Kiely v. St. Germain (Colo.1983), 670 P.2d 764, 767; McIntosh v. Murphy (1970), 52 Hawaii 29, 36, 469 P.2d 177; Warder & Lee Elevator, Inc. v. Britten (Iowa 1979), 274 N.W.2d 339, 342-343; Decatur Coop. Assn. v. Urban (1976), 219 Kan. 171, 178-180, 547 P.2d 323; Snyder v. Snyder (1989), 79 Md.App. 448, 459, 558 A.2d 412; Andrews v. Charon (1935), 289 Mass. 1, 6, 193 N.E. 737; McMath v. Ford Motor Co. (1977), 77 Mich.App. 721, 725-726, 259 N.W.2d 140; Norwest Bank Minn., N.A. v. *102 Midwestern Mach. Co. (Minn.App.1992), 481 N.W.2d 875, 880; Sanders v. Dantzler (Miss.1979), 375 So.2d 774, 776; Trad Industries, Ltd. v. Brogan (1991), 246 Mont. 439, 446, 805 P.2d 54; Alpark Distrib., Inc. v. Poole (1979), 95 Nev. 605, 607-608, 600 P.2d 229; Kubin v. Miller (S.D.N.Y.1992), 801 F.Supp. 1101, 1112 (New York law); Allen M. Campbell Co., Gen. Contrs., Inc. v. Virginia Metal Industries, Inc. (C.A.4, 1983), 708 F.2d 930, 933-934 (North Carolina law); McCarthy, Lebit, Crystal & Haiman Co., L.P.A. v. First Union Mgt., Inc. (1993), 87 Ohio App.3d 613, 623-624, 622 N.E.2d 1093 (Eighth District); Potter v. Hatter Farms, Inc. (1982), 56 Or.App. 254, 260, 641 P.2d 628; Atlantic Wholesale Co., Inc. v. Solondz (App.1984), 283 S.C. 36, 40-41, 320 S.E.2d 720; Shaw v. George (1966), 82 S.D. 62, 67, 141 N.W.2d 405; D & S Coal Co., Inc. v. USX Corp. (E.D.Tenn.1988), 678 F.Supp. 1318, 1323 (Tennessee law); Nagle v. Nagle (Tex. 1982), 633 S.W.2d 796, 800; In re Estate of Nelson (1975), 85 Wash.2d 602, 610-611, 537 P.2d 765; Everett v. Brown (1984), 174 W.Va. 35, 38-39, 321 S.E.2d 685; U.S. Oil Co., Inc. v. Midwest Auto Care Servs., Inc. (App.1989), 150 Wis.2d 80, 89, 440 N.W.2d 825; Remilong v. Crolla (Wyo.1978), 576 P.2d 461, 465.
{¶ 62} In contrast, only a few jurisdictions hold that promissory estoppel does not preclude assertion of a defense pursuant to the statute of frauds. See, e.g., Tanenbaum v. Biscayne Osteopathic Hosp., Inc. (Fla.1966), 190 So.2d 777, 779; Bridges v. Reliance Trust Co. (1992), 205 Ga.App. 400, 402, 422 S.E.2d 277; Dickens v. Quincy College Corp. (1993), 245 Ill.App.3d 1055, 1058, 185 Ill.Dec. 822, 615 N.E.2d 381; Fields v. R.S.C.D.B., Inc. (Mo.App.1993), 865 S.W.2d 877, 878; Farmland Serv. Coop. Inc. v. Klein (1976), 196 Neb. 538, 544, 244 N.W.2d 86; Atlantic Paper Box Co. v. Whitman’s Chocolates (E.D.Pa.1994), 844 F.Supp. 1038, 1043, fn. 7; Heyman v. Adeack Realty Co. (1967), 102 R.I. 105, 108, 228 A.2d 578; Ravarino v. Price (1953), 123 Utah 559, 568, 260 P.2d 570.
{¶ 63} In accord with our own precedent, and in view of the position of legal scholars and the majority of our sister states, this court should hold that promissory estoppel may bar application of the statute of frauds.
{¶ 64} The appellate court in the instant case followed the decision of the Eighth District Court of Appeals in McCarthy, Lebit, Crystal & Haiman Co., L.P.A., 87 Ohio App.3d at 627, 622 N.E.2d 1093, which held that “the doctrine of promissory estoppel may be used to preclude a defense of statute of frauds, but only when there has been (1) a misrepresentation that the statute’s requirements have been complied with or (2) a promise to make a memorandum of the agreement.” Olympic Holding Co., 2007-Ohio-6643, 2007 WL 4340276, ¶ 37. See also Gilbert, 127 Ariz. at 414, 621 P.2d 916; Tiffany Inc. v. W.M.K. Transit Mix, Inc. (1972), 16 Ariz.App. 415, 419, 493 P.2d 1220; 21 Turtle Creek Square, Ltd. v. New York State Teachers’ Retirement Sys. (C.A.5, 1970), 432 F.2d 64, 66; “Moore” Burger, Inc. v. Phillips Petroleum Co. (Tex.1972), 492 S.W.2d 934, 938. *103 This approach, it seems to me, strikes a reasonable balance between the equitable considerations of promissory estoppel set forth in Section 90 of the Restatement Second of Contracts, which we have already adopted, and the statute of frauds’ purpose of maintaining the integrity and certainty of certain types of contracts.
Carpenter, Lipps, & Leland, L.L.P., Michael H. Carpenter, Jeffrey A. Lipps, and Katheryn M. Lloyd, for appellee.
Porter, Wright, Morris & Arthur, L.L.P., Kathleen M. Trafford, James D. Curphey, Jay A. Yurkiw, and L. Bradfield Hughes; and Wollmuth, Maher & Deutsch, L.L.P., Fredrick R. Kessler, and William A. Maher, for appellant.
Bricker & Eckler, L.L.P., Kurtis A. Tunnell, Anne Marie Sierra, and Vladimair P. Belo, urging reversal for amici curiae, Ohio Manufacturers Association and Ohio Chemistry Technology Counsel.
{¶ 65} The facts in the instant case demonstrate the injustice of permitting ACE to assert that the agreement it had with Olympic is unenforceable for lack of a writing pursuant to the statute of frauds. The record here demonstrates that executives for Olympic and ACE reached a mutual understanding on the essential terms of their joint business venture. Richard Reese, the chief operating officer of ACE, assured Olympic that ACE would sign the agreement as soon as Olympic closed on its acquisition of the local title insurance companies. The record further reveals that Reese told Olympic that their agreement was “just awaiting signature” by ACE’s board of directors, implying not only that the agreement had been, or would be, reduced to writing, but also that the term sheets exchanged by the parties substantially reflected their mutual understanding.
{¶ 66} The court of appeals properly determined that genuine issues of material fact exist in this case with respect to whether Olympic and ACE had reached a mutual understanding on the material terms of their agreement and whether Olympic reasonably and detrimentally relied upon ACE’s promise that their agreement had been written and executed upon Olympic’s acquisition of the Ohio title agency.
{¶ 67} Accordingly, I would affirm the judgment of the court of appeals with respect to the issue of using promissory estoppel as a defense to the statute of frauds when a party has induced reliance on a broken promise. See Wilber, 1 Ohio at 256.
Pfeifer, J., concurs in the foregoing opinion.